THIRD DIVISION 

June 30, 1998

No. 1-96-2383

THE PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee,

v.

BRANDON WHITNEY,

Defendant-Appellant.

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

Honorable

Daniel J. Kelley,

Judge Presiding.

PRESIDING JUSTICE LEAVITT delivered the opinion of the court:

Defendant Brandon Whitney was convicted by a jury of first degree murder (720 ILCS 5/9-1(a)(1) (West 1994)) and aggravated discharge of a firearm (720 ILCS 5/24-1.2(a)(2) (West 1994)) in connection with the shooting death of Aaron Holmes.  The trial court sentenced defendant to 50 years' imprisonment on the murder charge and 15 years' imprisonment on the aggravated discharge of a firearm count, to run consecutively.  On appeal, defendant contends: (1) the trial court erred in ordering his sentences to run consecutively, rather than concurrently; (2) the trial court improperly considered an erroneous prior conviction in aggravation in sentencing defendant; and (3) the lengths of his sentences reflect an abuse of discretion by the trial court.

Defendant first argues his sentences should run concurrently, not consecutively.  The State argues defendant waived this issue by failing to file a written motion challenging the correctness of his sentence within 30 days of its imposition.  See 730 ILCS 5/5-8-1(c) (West 1994).  The State correctly asserts section 5-8-1 of the Unified Code of Corrections (Unified Code) was amended in August 1993 to make the filing of a post-sentencing motion a mandatory requirement to challenging sentencing issues on appeal.  See 730 ILCS 5/5-8-1(c) (West 1994) ("A defendant's challenge to the correctness of a sentence or to any aspect of the sentencing hearing shall be made by a written motion filed within 30 days following the imposition of sentence"); 
People v. Reed
, 177 Ill. 2d 389, 393-94, 686 N.E.2d 584 (1997).  

However, the mandatory post-sentencing motion requirement of section 5-8-1 of the Unified Code remains subject to Supreme Court Rule 615; 
i.e.
, sentencing errors which affect substantial rights may be analyzed under the doctrine of plain error, regardless of a defendant's failure to file a post-sentencing motion.  See 134 Ill. 2d R. 615(a) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court"); 
Reed
, 177 Ill. 2d at 395; 
People v. Ritchey
, 286 Ill. App. 3d 848, 852, 677 N.E.2d 973 (1997).  The right to be lawfully sentenced is a substantial right.  
Ritchey
, 286 Ill. App. 3d at 852.  Thus, impermissible or illegal sentences may be attacked on appeal as plainly erroneous even though no post-sentencing motion was filed.  
Ritchey
, 286 Ill. App. 3d at 852.  We may, accordingly, look to see if the trial court committed plain error in ordering defendant's sentences to run consecutively in this case.  

Section 5-8-4 of the Unified Code provides, in relevant part:

"The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, 
unless, one of the offenses for which defendant was convicted was a Class X or Class 1 felony and the defendant inflicted severe bodily injury
, or where the defendant was convicted of a violation of Section 12-13, 12-14, or 12-14.1 of the Criminal Code of 1961, in which event the court shall enter sentences to run consecutively."  730 ILCS 5/5-8-4(a) (West 1994) (emphasis added).

Defendant in this case reached into an automobile and fired multiple shots from a handgun at the two occupants, killing the victim, Aaron Holmes, but missing his companion, Theodore Macklin.  Defendant was charged with two counts of murder in the shooting death of Holmes, and he was charged with attempted murder and aggravated discharge of a firearm for shooting at Macklin.  Defendant was ultimately convicted of murdering Holmes and discharging a weapon at Macklin.  Thus, there is no dispute defendant committed two offenses (first degree murder and aggravated discharge of a firearm) while engaged in a single course of conduct.  Under section 5-8-4(a), concurrent sentences were mandatory unless one of the two offenses committed by defendant was a Class X or Class 1 felony involving "severe bodily injury" to the victim.  

We believe defendant has unwisely conceded that one of the offenses he committed (the murder of Holmes) was a Class X or Class 1 felony in which "severe bodily injury" was inflicted.  On appeal, defendant does not contest the trial court's assumption that Holmes' murder was a "triggering offense" under section 5-8-4.  Rather, he argues his sentence for aggravated discharge of firearm should run concurrently to his sentence for murder, inasmuch as the second occupant of the car, Macklin, was not injured when defendant fired his gun into the car (the basis of the aggravated discharge of a firearm count).  If Holmes' murder was indeed a "triggering offense" under section 5-8-4, defendant could have no legitimate dispute with the imposition of consecutive sentences in this case.  See 
People v. Curry
, 178 Ill. 2d 509, 538-39, 687 N.E.2d 877 (1997) (all sentences for triggering offenses, plus the sentence for the first non-triggering offense, must be served consecutively, with the sentence for each additional non-triggering offense (if any) running concurrently to the first); 
People v. Medrano
, 282 Ill. App. 3d 887, 894-97, 669 N.E.2d 114 (1996); 
People v. Porter
, 277 Ill. App. 3d 194, 199, 660 N.E.2d 118 (1995); 
People v. Williams
, 263 Ill. App. 3d 1098, 1108-09, 638 N.E.2d 207 (1994); 
People v. Ivey
, 267 Ill. App. 3d 310, 311-12, 642 N.E.2d 157 (1994).

However, first degree murder, while obviously satisfying the "severe bodily injury" requirement of section 5-8-4, is not a Class X or Class 1 felony under the Code.  Section 5-5-1(b) of the Code provides:

"(b) Felonies are classified, for the purpose of sentencing, as follows:

(1) First degree murder (as a separate class of felony);

(2) Class X felonies;

(3) Class 1 felonies;

***"

730 ILCS 5/5-5-1(b) (West 1994).  The Legislature's reason for excluding first degree murder as a "triggering offense" under section 5-8-4 is not for us to question.  The Legislature has repeatedly chosen to distinguish between first degree murder and the various classes of other felonies.  See 720 ILCS 5/33B-1(a) (West 1996) (distinguishing between Class X felonies and first degree murder for purposes of habitual offender classification); 725 ILCS 5/104-25(d) (West 1996) (maximum length of treatment following discharge hearing is longer for charge of first degree murder than for Class X or Class 1 felony); 730 ILCS 5/5-8-1(a) (West 1996) (authorizing different sentencing ranges for first degree murder, Class X felonies, and Class 1 felonies); 730 ILCS 5/5-8-2 (West 1996) (extended term sentencing ranges differ for first degree murder, Class X felonies, and Class 1 felonies); 730 ILCS 5/5-7-1 (West 1996) (authorizing periodic imprisonment where a defendant is convicted of a felony "other than first degree murder, a Class X or Class 1 felony"); 735 ILCS 5/13-202.1 (West 1996) (no limitation on actions brought against person convicted of first degree murder, a Class X felony, or a Class 1 felony).  Consecutive sentences were appropriate under section 5-8-4(a) only if aggravated discharge of a firearm is a "triggering offense" in this case.

Aggravated discharge of a firearm, given the facts before us, is a Class 1 felony.  See 720 ILCS 5/24-1.2(a)(2) (West 1994).  However, the "victim" of this crime, Macklin, was not injured in the shooting.  The "severe bodily injury" suffered by Holmes cannot be combined with the Class X status of the aggravated discharge of a firearm count, thus creating a "triggering offense" under section 5-8-4(a).  See 
People v. Medrano
, 282 Ill. App. 3d 887, 896, 669 N.E.2d 114 (1996) (defendant's conduct in committing the Class X or Class 1 offense must "proximately result in" grievous bodily injury to the victim of that crime).  Since no "triggering offense" exists in this case, consecutive sentences could not have been imposed pursuant to section 5-8-4(a).

In his second contention on appeal, defendant argues the trial judge at sentencing took into consideration a prior conviction which did not exist.  The State again responds defendant waived this issue by not filing a post-sentencing motion.  See 730 ILCS 5/5-8-1(c) (West 1994).  However, a defendant has a right not to be sentenced based upon improper factors in aggravation, and a trial judge's reliance upon an improper factor in sentencing impinges upon a defendant's "fundamental right to liberty."  
People v. Martin
, 119 Ill. 2d 453, 458, 519 N.E.2d 884 (1988); 
People v. James
, 255 Ill. App. 3d 516, 531, 626 N.E.2d 1337, 1348 (1993).  Hence, we may consider defendant's argument on this point under the doctrine of plain error, despite his failure to raise the issue of the non-existent conviction in a written post-sentencing motion.

On June 10, 1996, the trial court conducted a sentencing hearing during which the State offered in aggravation the fact that defendant was on probation for a prior burglary conviction at the time of the murder.  Defense counsel argued defendant's pre-investigation report revealed he had no prior convictions.  In pronouncing defendant's sentence, the trial judge expressly stated he was taking into consideration defendant's prior conviction.  

On August 16, 1996, while the notice of appeal in this case was pending, the State brought to the attention of the trial judge the fact that defendant had, as defense counsel had earlier contended, no prior convictions at the time of his arrest (the charge originally reported by the State had been a pending case).  Defendant, who was apparently up for a status date on another case, was brought before the court and the following exchange took place:

"[Assistant State's Attorney]:  Judge, can I address that other case in which the defendant has -- I remember that when I was making a comment in the course -- terms of sentence, I referred to the defendant as having been on probation at one time; and, in fact, that probation case was one of these cases which were [
sic
] pending.

He [defendant] was not convicted, and [the Assistant Public Defender] brought that to the Court's attention.  I just wanted to make sure that the Court was aware of [the Assistant Public Defender's] correction of the record when the Court imposed the sentence on the case in which [defendant] has already been convicted.

***

THE COURT:  All right.  [The Assistant State's Attorney] was just making reference to the sentence hearing in [defendant's] case in which he made reference to -- about a case that he believed [defendant] had received probation; and the fact that was one of the extended cases here.  You brought that to the Court's attention at that time, I believe.

[Assistant Public Defender]:  That is correct, Judge.

[Assistant State's Attorney]:  I believe it was a burglary.  I believe he said the burglary case, which is a '92 case actual having been pending [
sic
], and which he was not -- [the Assistant Public Defender]  corrected me as I made that statement to the Court.  I just want to make sure that that was on the record.

THE COURT:  All right.  Well, the record is clear after that.  And I don't -- the Court will not consider it in the sentencing of this case.  The Court will not consider it in the sentencing of that case.  It was not."

Defendant argues the trial court had no jurisdiction to consider (or reconsider) defendant's sentence at this point, since he had already filed his notice of appeal.  We agree.  See 
People v. Rowe
, 291 Ill. App. 3d 1018, 1020, 684 N.E.2d 1368 (1997) (notice of appeal divests trial court of jurisdiction, at least where no timely post-sentencing motion filed).  

Even were we to ignore the lack of jurisdiction and consider the August 16 proceedings, we could not conclude, as does the State on appeal, that "the trial court did not consider the 'prior conviction' when it sentenced defendant."  The trial judge stated the exact opposite in sentencing defendant.  The quoted colloquy merely suggests that at the August 16 hearing the trial judge was operating under the erroneous belief the phantom conviction had been cleared up at the earlier sentencing hearing and that he had, therefore, not considered it then.  Yet that was not the case.  While defense counsel did dispute the existence of the conviction at sentencing, the trial court apparently accepted the State's assertion about the prior conviction.  The trial judge expressly stated he had "taken into consideration the defendant's prior conviction" in sentencing defendant.

The State counters that, even if we determine the trial judge considered an unsubstantiated factor in aggravation, remand is unnecessary because the trial court placed an insignificant amount of weight on the prior conviction.  It is true a sentence based on improper factors may be affirmed where the reviewing court can determine from the record that the weight placed on such an improperly considered aggravating factor was so insignificant it resulted in no increase in the defendant's sentence.  
People v. Conover
, 84 Ill. 2d 400, 405, 419 N.E.2d 906 (1981); 
People v. Cook
, 217 Ill. App. 3d 299, 315, 576 N.E.2d 1242 (1991).  Nevertheless, we are not prepared to say that, on the record before us, the weight placed upon defendant's nonexistent conviction by the trial court was negligible.  

Not only did the trial judge specifically state on the record he was considering the conviction, but the prior conviction was also the first factor specifically mentioned by the judge in handing down his sentence.

In light of the foregoing, we remand with directions to the trial court to determine whether the alleged prior conviction affected the length of the sentences imposed on defendant.  We note that defendant's sentences for first degree murder (50 years) and aggravated discharge of a firearm (15 years) were both within applicable statutory limits (20 to 60 years and 4 to 15 years, respectively--see 730 ILCS 5/5-8-1(a)(1)(a) and (a)(4) (West 1994)) and that he has waived any consideration of their excessiveness by failing to file a post-sentencing motion.  See 
People v. Reed
, 282 Ill. App. 3d 278, 282, 668 N.E.2d 51 (1996) (defendant waived argument trial court abused its discretion in sentencing, where defendant failed to file post-sentencing motion and sentences were within statutory ranges), 
aff'd
, 177 Ill. 2d 389, 686 N.E.2d 584 (1997).  While defendant's sentences are within their limits and cannot now be attacked as excessive, the trial judge may on remand decide whether defendant's alleged conviction played any part in his original sentencing decision and adjust his sentences accordingly, keeping in mind that the two sentences will be served concurrently.

Affirmed in part, remanded for resentencing.

GORDON and CAHILL, JJ., concurring.