THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JERRY A. WILKINS, Defendant-Appellant.

Second District    No. 2—02—0252

Opinion filed September 19, 2003.

148

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Carol L. Anfinson, of Aurora, for appellant.

Paul A. Logli, State's Attorney, of Rockford (Martin P. Moltz and Peggy F. J. Bradford, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE CALLUM delivered the opinion of the court:

Defendant, Jerry A. Wilkins, was convicted of possession of cannabis with intent to deliver within 1,000 feet of a school (720 ILCS 550/5.2(b) (West 2000)). The fact that the offense took place within 1,000 feet of a school raised the offense from a Class 3 to a Class 2 felony. Defendant was sentenced to 10 years' imprisonment, 3 years more than the maximum sentence for a Class 2 felony. The trial court

denied his motion to reconsider his sentence. He appeals, arguing that the court erred in sentencing him because (1) the court erroneously believed the offense was nonprobationable, (2) the court's comments at the sentencing hearing indicate it did not intend to sentence defendant to an extended term, and (3) the record before the court at sentencing did not support an extended-term sentence. We vacate and remand.

At the sentencing hearing, the court did not state that it was sentencing defendant to an extended term. The court, did, however, make the following statements:

"In looking at the presentence report and taking into account the comments of [the assistant State's Attorney], which I think was quite accurate, it is clear, Mr. Wilkins, that you are a threat to the public at this point in time.

Even if this were not a Class 2 felony, nonprobationable offense, because of the drug-free zone language, this dropping then to a Class 3 offense, the sentence which I am going to impose would fall within the range of a Class 3 felony under the extended term.
***
Based upon my assessment of the defendant's prior record and the types of offenses for which he has been convicted, the recency of this offense to his date of parole, I believe a sentence of ten years in the department of corrections is appropriate."

As an initial matter, the State argues that defendant has waived his arguments on appeal because he did not object to the imposition of an extended-term sentence at the sentencing hearing or raise the issue in his motion to reconsider his sentence. The State is correct. However, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court." 134 Ill. 2d R. 615(a). Under the plain error exception, reviewing courts may address a waived issue where (1) the evidence is closely balanced or (2) an error is so fundamental that the defendant may have been denied a fair sentencing hearing. *People v. Hausman*, 287 Ill. App. 3d 1069, 1071 (1997). A claim that the trial court misunderstood the minimum and maximum sentences for the offense falls within the second prong of the plain error rule. *Hausman*, 287 Ill. App. 3d at 1071-72. Also, reviewing courts regularly have applied the plain error rule to address claims that an extended-term sentence was not authorized by law. *People v. Kyles*, 303 Ill. App. 3d 338, 354 (1998); *People v. Bahena*, 296 Ill. App. 3d 67, 69 (1998); *People v. Hurley*, 277 Ill. App. 3d 684, 686 (1996). Therefore, we will address defendant's challenges to his extended-term sentence under the plain error exception to the waiver rule.

■ Defendant first argues that he is entitled to a new sentencing hearing because the court erroneously believed that the offense of possession of cannabis with intent to deliver within 1,000 feet of a school was nonprobationable. "A trial court's misapprehension of a minimum sentence necessitates a new sentencing hearing when it appears that the trial court's misunderstanding arguably influenced the sentencing decision." *Hurley*, 277 Ill. App. 3d at 687. The record reflects that the indictment and the presentence report both stated that the offense was nonprobationable. Additionally, the court referred to the offense as nonprobationable at the sentencing hearing. The offense, however, is probationable. See 730 ILCS 5/5—5—3(b), (c)(2) (West 2000). Accordingly, the court misapprehended the minimum sentence.

Defendant contends that this misunderstanding influenced the sentencing decision. Defendant relies on *Hausman*. In *Hausman*, the trial court stated that it was imposing "the minimum sentence of three (3) years" imprisonment. *Hausman*, 287 Ill. App. 3d at 1071. The minimum sentence for the offense, however, was two years. The court remanded for a new sentencing hearing, holding that this misunderstanding arguably influenced the sentencing decision. *Hausman*, 287 Ill. App. 3d at 1072. The trial court's statement indicated that it may have intended to impose the minimum sentence. Its incorrect belief that the minimum sentence was three years therefore arguably influenced its decision to sentence the defendant to three years' imprisonment.

*Hausman* is distinguishable. Here, based on the court's comments at the sentencing hearing and the ultimate sentence imposed, the court clearly had no intention of sentencing defendant to the minimum sentence. Accordingly, it does not appear that the court's mistaken belief that the minimum sentence was three years' imprisonment as opposed to probation arguably influenced the court in its sentencing decision.

■ Defendant next argues that the court's comments indicate it did not understand the sentencing range for a Class 2 offense and did not intend to sentence him to an extended term. Where the trial court imposes a sentence due to a misapprehension of the applicable law, the defendant is entitled to a new sentencing hearing. *People v. Kang*, 269 Ill. App. 3d 546, 553 (1995). At the sentencing hearing, the court stated:

> "Even if this were not a Class 2 felony, nonprobationable offense, because of the drug-free zone language, this dropping then to a Class 3 offense, the sentence which I am going to impose would fall within the range of a Class 3 felony under the extended term."

Defendant asserts that this statement reflects the court's belief that

10 years is a permissible sentence for a Class 2 offense without the extended term, or for a Class 3 offense with the extended term. Because the sentencing range for a Class 2 offense is three to seven years (730 ILCS 5/5—8—1(a)(5) (West 2000)), defendant contends that the court's comments indicate it misapprehended the sentencing range. The State responds that the court was only pointing out that a 10-year sentence fell within the extended sentence range for either a Class 2 or Class 3 offense. See 730 ILCS 5/5—8—2(a)(4), (a)(5) (West 2000) (the extended-term sentencing range is 7 to 14 years for a Class 2 offense and 5 to 10 years for a Class 3 offense).

We agree with the State. The court apparently was stating that even if the offense had not been raised to a Class 2 felony, the court still could have sentenced defendant to 10 years, as 10 years is a permissible extended-term sentence for either a Class 2 or Class 3 offense. The court's comments, therefore, do not establish that the court misunderstood the sentencing range for a Class 2 offense. Accordingly, defendant is not entitled to a new sentencing hearing on these grounds.

■ Defendant's final argument is that the record before the court at the sentencing hearing did not provide a basis for an extended-term sentence. Although the court at the sentencing hearing did not specifically state what factor it was relying on in sentencing defendant to an extended term, it did make reference to his criminal record. An extended-term sentence may be imposed when a defendant has been previously convicted of a same or greater class felony within 10 years of the present conviction, excluding time spent in custody. 730 ILCS 5/5—5—3.2(b)(1), 5—8—2(a) (West 2000).

Defendant was convicted of the current offense in 2002. The record reflects that the only documentation considered by the court at sentencing was the presentence report. The presentence report indicates that defendant was previously convicted of only one same or greater class felony, residential burglary in 1988 (Ill. Rev. Stat. 1987, ch. 38, par. 19—3 (now 720 ILCS 5/19—3 (West 2002))). He was later convicted of two other lower class felonies for which he received sentences of imprisonment. Because the only prior conviction that could be the basis of an extended term occurred approximately 14 years before the current conviction, defendant, in order to still qualify for an extended term, must have spent more than four years in custody between 1988 and 2002. The presentence report reflects that during this period, defendant was sentenced to terms of imprisonment of 5 years, 180 days, and 7 years. It does not, however, contain a complete record of the time defendant actually spent in custody, and does not establish that defendant spent four years in custody. Accordingly, the

presentence report does not demonstrate that defendant's residential burglary conviction occurred within 10 years of the current conviction, excluding time in custody. Therefore, the record before the court did not provide a basis for an extended term pursuant to section 5—5—3.2(b)(1).

We vacate the sentence imposed by the circuit court of Winnebago County and remand the cause for a new sentencing hearing.

Vacated and remanded.

KAPALA and GILLERAN JOHNSON, JJ., concur.