# Illinois Official Reports

## Appellate Court

---

### *People v. Young*, 2018 IL App (3d) 160003

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHARD C. YOUNG, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-16-0003 |
| Filed | April 25, 2018 |
| Decision Under Review | Appeal from the Circuit Court of La Salle County, No. 14-CF-370; the Hon. Howard C. Ryan Jr., Judge, presiding. |
| Judgment | Vacated and remanded. |
| Counsel on Appeal | Michael J. Pelletier, Peter A. Carusona, and Jay Wiegman, of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>Karen Donnelly, State's Attorney, of Ottawa (Patrick Delfino, Lawrence M. Bauer, and Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE LYTTON delivered the judgment of the court, with opinion.<br>Justice Wright concurred in the judgment and opinion.<br>Justice Schmidt dissented, with opinion. |

**OPINION**

¶ 1    Defendant, Richard C. Young, appeals his convictions and sentences, contending that he should receive a new sentencing hearing because the record fails to demonstrate that he was eligible for extended-term sentencing. We vacate and remand.

¶ 2    FACTS

¶ 3    A jury found defendant guilty of two counts of burglary (720 ILCS 5/19-1(a) (West 2014)). The circuit court ordered the preparation of a presentence investigation report (PSI) and continued the matter for sentencing.

¶ 4    The PSI was filed prior to the sentencing hearing. The PSI showed that on December 23, 2004, defendant was convicted of a Class 1 felony and sentenced to six years' imprisonment. The PSI did not include the dates defendant was taken into or released from the custody of the Department of Corrections (DOC) for this sentence. The PSI also showed that in 2008 defendant was convicted of two Class 3 felonies and sentenced to 6½ years' imprisonment. The PSI also did not include the dates defendant was taken into or released from the custody of the DOC for this sentence.

¶ 5    By agreement, the parties added a certified copy of defendant's 2008 Class 3 felony convictions to the PSI. The certified copy showed that defendant spent 150 days in pretrial custody before he was sentenced, but the document did not include the time defendant spent in custody after being sentenced.

¶ 6    On August 6, 2015, the circuit court held a sentencing hearing. The circuit court inquired as to whether defendant was eligible for extended-term sentencing based on defendant's Class 1 felony conviction in 2004. Specifically, the court wanted to know if, excluding the time defendant spent in custody, defendant's 2004 conviction fell within 10 years of defendant's convictions in this case. The State told the court,

> "I wasn't able to ascertain an exact date, judge, but based on my calculation, and I did look in to this, we are within the ten years based on all his pretrial incarceration and the time he spent in custody. Also when he was incarcerated on the Class 3 he received six and a half years on that, and we're within the ten years based on the statute and the case law."

The court asked defense counsel if he agreed, and counsel replied, "Judge, I have no knowledge. I've tried to calculate it myself. I think it's very, very close. It would be within days I believe." The court responded,

> "[the] only reason I'm asking is I'm looking for a date. He was sentenced on that particular matter in December of 2004, and he received six years in the [DOC].
> ***
> *** Giving him day for day good time and cutting it in half three or two and half, that would put him somewhere in the area of 2006, maybe 2007, and we're still within 2015 so it's within ten. I didn't know if they had a parole date. It just wasn't in the PSI."

The State then told the court that it was unable to obtain an exact date of defendant's custody time from the DOC.

¶ 7    After hearing the parties' arguments in aggravation and mitigation and defendant's statement in allocation, the circuit court sentenced defendant to an extended-term sentence of 12 years' imprisonment.

¶ 8                                      ANALYSIS

¶ 9    At the outset, defendant acknowledges that he did not preserve his claim that the circuit court erred in imposing an extended-term sentence, but he argues that it should be considered under the plain error doctrine. The State concedes that appellate panels have found extended-term sentencing errors to constitute second prong plain error. See *People v. Hurley*, 277 Ill. App. 3d 684, 686 (1996). The State argues, however, that no error occurred. We therefore begin our analysis by addressing the merits of defendant's challenge to his extended-term sentence.

¶ 10    Defendant contends that he is entitled to a new sentencing hearing because the record does not show that he was eligible for extended-term sentencing. Specifically, he contends that the record failed to demonstrate that he had been previously convicted of a similar or greater class felony within 10 years of the sentencing hearing in this case. Because the record does not contain any evidence of the time defendant spent in custody for his prior convictions, we find that the circuit court erred in finding defendant to be eligible for extended-term sentencing.

¶ 11    A court may impose an extended-term sentence "[w]hen a defendant is convicted of any felony, after having been previously convicted *** of the same or similar class felony or greater class felony, when such conviction has occurred within 10 years after the previous conviction, excluding time spent in custody." 730 ILCS 5/5-5-3.2(b)(1) (West 2014). The sentencing dates for the prior and present offenses are the relevant dates for determining the 10-year period for the extended-term sentencing statute. *People v. Lemons*, 191 Ill. 2d 155, 159-60 (2000).

¶ 12    In this case, defendant was sentenced on August 6, 2015. The only documentation considered by the court at sentencing was the PSI. The PSI indicates that defendant was previously convicted of only one same or greater class felony on December 23, 2004. Because the only prior conviction that could be the basis of an extended term occurred 10 years, 7 months, and 14 days before the current conviction, defendant, in order to qualify for an extended-term sentence, must have spent 7 months and 14 days in custody between December 23, 2004, and August 6, 2015. The PSI, however, does not contain a complete record of the time defendant actually spent in custody, and does not establish that defendant spent 7 months and 14 days in custody. This is insufficient to place defendant's prior conviction within the 10-year period. Therefore, we find that the PSI report does not affirmatively demonstrate that defendant's 2004 conviction occurred within 10 years of the present conviction, excluding time spent in custody. Consequently, we vacate defendant's sentence and remand the cause for a new sentencing hearing. See *People v. Wilkins*, 343 Ill. App. 3d 147, 151-52 (2003).

¶ 13    In reaching this conclusion, we acknowledge that, during the relevant period, defendant was sentenced to a term of six years' imprisonment for lower class felony convictions. It is true that the time defendant spent in custody for the 2008 convictions would be excluded when calculating whether defendant's 2004 conviction fell within the 10-year period for extended-term sentencing. In other words, any time defendant spent in custody for his 2008 convictions would act to toll the running of the 10-year window. However, similar to the evidence of defendant's 2004 conviction, the PSI does not contain a complete record of the

actual time defendant spent in custody for his 2008 convictions. In fact, the PSI only shows that defendant was awarded 150 days in presentencing custody for his 2008 convictions. Therefore, the only evidence we have of the time defendant spent in custody with regard to both the 2004 and 2008 convictions is 150 days.

¶ 14    Finally, we reject the State's argument that defendant's 2008 convictions alone are sufficient to find defendant eligible for extended-term sentencing because they occurred within 10 years of the sentencing hearing in this case. In other words, the State contends that this court need not calculate the time defendant actually spent in custody because his 2008 convictions occurred within 10 years of sentencing in this case. Specifically, defendant's sentencing in this case occurred before 2018 (2008-2018). Defendant's 2008 convictions are Class 3 felonies, and they do not qualify as convictions "of the same or similar class felony or greater class felony" for extended-term sentencing under the statute. 730 ILCS 5/5-5-3.2(b)(1) (West 2014).

¶ 15                                    CONCLUSION

¶ 16    We vacate the sentence imposed by the circuit court of La Salle County and remand the cause for a new sentencing hearing.

¶ 17    Vacated and remanded.

¶ 18    JUSTICE SCHMIDT, dissenting:

¶ 19    I respectfully dissent. The majority finds second prong plain error by virtue of the record failing to clearly establish that defendant previously served at least 7 months and 14 days on his 2004 burglary conviction. The trial court sentenced defendant to six years on that conviction.

¶ 20    The fact is, we do not know whether defendant was extended-term eligible. The best guess is that he was, since it is relatively unlikely that he served less than 7½ months of his 6-year sentence. More importantly, defendant does not argue that he was not extended-term eligible; he simply argues that the record does not clearly establish that he was. This, says defendant and majority, constitutes second prong plain error. The majority finds support for its position in *Wilkins*, 343 Ill. App. 3d at 151-52.

¶ 21    Both the *Wilkins* court and the majority find that the possibility the trial court made an error constitutes plain error. That is, the error is that the trial court record did not clearly establish that defendant served at least 7½ months of a 6-year sentence for his 2004 conviction. If that is plain error, then the majority and *Wilkins* are correct.

¶ 22    I submit that the better view is that it is second prong plain error to sentence a defendant to an extended term when the defendant is not eligible for that extended term under the law. As pointed out, the record does not establish that happened. Defendant does not even allege that he was not extended-term eligible. That is, defendant failed to establish any error in his quest to establish plain error. *People v. Herron*, 215 Ill. 2d 167, 178 (2005).

¶ 23    It seems that the better approach would be to deal with this in a postconviction petition. If defendant is not extended-term eligible, he and his attorneys can obtain DOC records establishing defendant's custody and parole date on the 2004 conviction. That information is not readily available on the DOC's website, but certainly it is available. If defendant indeed served less than 7½ months on his 2004 conviction, then he has a ready-made ineffective

assistance of trial counsel argument coupled with prejudice that will no doubt succeed in a postconviction setting.

¶ 24　　　In a nutshell, the notion "that there might have been an error" equals second prong plain error flies in the face of plain error jurisprudence. See, *e.g.*, *id.*; *People v. Keene*, 169 Ill. 2d 1, 16-17 (1995).

¶ 25　　　I would affirm.