# Illinois Official Reports

## Appellate Court

---

### *People v. Belmont*, 2018 IL App (2d) 150886

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ADAM D. BELMONT, Defendant-Appellant. |
| | |
| District & No. | Second District<br>Docket No. 2-15-0886 |
| | |
| Filed | March 26, 2018 |
| | |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 12-CF-2510; the Hon. Liam C. Brennan, Judge, presiding. |
| | |
| Judgment | Affirmed. |
| | |
| Counsel on Appeal | Michael J. Pelletier, Thomas A. Lilien, and Kerry Goettsch, of State Appellate Defender's Office, of Elgin, for appellant.<br><br>Robert B. Berlin, State's Attorney, of Wheaton (Lisa Anne Hoffman and Kristin M. Schwind, Assistant State's Attorneys, of counsel), for the People. |
| | |
| Panel | JUSTICE BIRKETT delivered the judgment of the court, with opinion.<br>Justices Hutchinson and Jorgensen concurred in the judgment and opinion. |

**OPINION**

¶ 1      Defendant, Adam D. Belmont, appeals his sentence of 12 years' incarceration for aggravated criminal sexual assault with a dangerous weapon (720 ILCS 5/11-1.30(a)(1) (West 2012)). He contends that the sentence was plain error when the trial court was not informed of, and thus did not apply, a sentencing enhancement that required the court to add 10 years to the sentence, making the lowest legal sentence 16 years. The State contends that the matter is not plain error or that defendant is estopped from challenging the sentence when he benefited from the error. We determine that plain error does not apply because defendant was not prejudiced or deprived of a fair sentencing hearing. Accordingly, we affirm.

## I. BACKGROUND

¶ 2

¶ 3      Defendant was initially charged in January 2013 with 22 counts of various crimes in connection with the sexual assault and murder of his former girlfriend. In May 2015, defendant entered a blind guilty plea to one count of aggravated criminal sexual assault with a dangerous weapon and one count of first-degree murder (*id.* § 9-1(a)(1)). In exchange, the State dismissed the remaining counts.

¶ 4      At the plea hearing, the trial court clarified with the State that the sentencing ranges were 20 to 60 years for murder and 6 to 30 years for aggravated criminal sexual assault, with the sentences to run consecutively. The court also asked: "[B]ased upon the defendant's criminal history, there are no issues of extended term eligibility; correct?" The State replied that defendant had no criminal history. There was no discussion of a mandatory enhancement of 10 years because the crime was committed with a dangerous weapon (*id.* § 11-1.30(d)(1)). The factual basis for the plea showed that defendant sexually assaulted and murdered the victim using a knife.

¶ 5      At sentencing, the State sought sentences of at least 50 years for murder and 15 years for aggravated criminal sexual assault. The defense asked for sentences closer to the minimum. A lengthy and thorough sentencing hearing was held, with both the parties and the court assuming that no sentencing enhancements applied. Without discussion of the minimum and maximum sentences, the court sentenced defendant to consecutive terms of 35 years for murder and 12 years for aggravated criminal sexual assault. Defendant moved to reconsider the sentences, arguing that they were excessive. The motion was denied, and he appeals.

## II. ANALYSIS

¶ 6

¶ 7      Defendant contends that the court plainly erred when it sentenced him because it failed to apply a mandatory 10-year enhancement to his sentence for aggravated criminal sexual assault. The State contends that there was no plain error or, alternatively, that defendant is estopped from raising the matter when he helped create the error to his benefit.

¶ 8      Defendant was convicted under section 11-1.30(a)(1) of the Criminal Code of 2012, which defines aggravated criminal sexual assault in instances where the defendant displays, threatens to use, or uses a dangerous weapon other than a firearm. *Id.* § 11-1.30(a)(1). The crime is a Class X felony, which generally carries a minimum sentence of six years' incarceration. *Id.* § 11-1.30(a)(1), (d)(1); 730 ILCS 5/5-4.5-25(a) (West 2012). However, when a defendant is convicted under section 11-1.30(a)(1), section 11-1.30(d)(1) provides that "10 years shall be

added to the term of imprisonment imposed by the court." 720 ILCS 5/11-1.30(d)(1) (West 2012). Accordingly, with the enhancement, defendant's total sentence for aggravated criminal sexual assault should have been at least 16 years.

¶ 9 Defendant concedes that he forfeited the issue by failing to raise the matter in the trial court. See *People v. Price*, 2016 IL 118613, ¶ 27 (a defendant may no longer argue that a statutorily unauthorized sentence is void). However, under the plain-error rule, reviewing courts may address a forfeited issue when (1) the evidence is closely balanced or (2) an error is so serious that the defendant was denied a fair sentencing hearing. *People v. Wilkins*, 343 Ill. App. 3d 147, 149 (2003). "The right to be lawfully sentenced is a substantial right." *People v. Whitney*, 297 Ill. App. 3d 965, 967 (1998). Thus, generally, "impermissible or illegal sentences may be attacked on appeal as plainly erroneous." *Id.* For example, "reviewing courts regularly have applied the plain error rule to address claims that an extended-term sentence was not authorized by law." *Wilkins*, 343 Ill. App. 3d at 149.

¶ 10 Here, however, defendant claims that an enhanced sentence was *required* by law. "The plain-error rule is not a general saving clause for all trial errors." *People v. Scott*, 2015 IL App (4th) 130222, ¶ 41. "Rather, it is a limited and narrow exception 'designed to redress serious injustices.' " *Id.* (quoting *People v. Baker*, 341 Ill. App. 3d 1083, 1090 (2003)). We see no such injustice here.

¶ 11 First, defendant was not prejudiced by the error. Instead he benefited from it, with an unlawfully lenient sentencing range. In the absence of prejudice, defendant cannot show plain error under the first prong of the plain-error rule. See *People v. Johnson*, 2017 IL App (2d) 141241, ¶ 50. Second, and similarly, we fail to see how the application of an unlawfully lenient sentencing range deprived defendant of a fair sentencing hearing. To whatever extent that the outcome of the hearing was unfair, it was unfair only to the State. The parties and the court were misinformed, but the hearing itself was lengthy, thorough, and fair. Thus, the plain-error rule does not apply here.

¶ 12 At oral argument, defendant suggested that the State could wait until his imminent release from incarceration and bring a *mandamus* action seeking to correct the illegal sentence. See *People v. Castleberry*, 2015 IL 116916, ¶¶ 26-27. Thus, he argued that he has been denied certainty in his sentence. However, the State, which alternatively argued that estoppel barred defendant from raising the illegal sentence, specifically conceded that it too would be estopped from changing its position and raising the matter in the future. Further, such an action by the State would be subject to a valid argument by defendant for the application of *laches* to bar the State's action. See *People ex rel. Alvarez v. Gaughan*, 2016 IL 120110, ¶ 16 (distinguishing a timely brought *mandamus* action from one in which the inmate is about to walk out the prison door when the State seeks correction of his sentence). Were the State to timely bring such an action, defendant arguably would not be prejudiced because he would not be close to the date of his release and he would be provided with the corrected sentence that he himself seeks. In any event, we accept the State's concession that it would be estopped from changing its position on the matter in the future.

¶ 13 Defendant also suggested at oral argument that he was precluded from raising an excessive-sentence claim because doing so could lead the State to discover the illegal sentence and seek to correct it. But defendant raised an excessive-sentence argument in his motion to reconsider and then raised the illegal sentence himself on appeal; thus, he also could have raised an excessive-sentence claim on appeal. Instead, it appears that defendant is seeking

another bite at the sentencing apple, through a creative legal avenue. Defendant's bare speculation that a resentencing would ultimately benefit him, despite an increase in his sentence for aggravated criminal sexual assault, is insufficient to establish plain error. See *People v. Borys*, 2013 IL App (1st) 111629, ¶ 29. Thus, we simply find the matter forfeited, and we do not address the parties' remaining arguments.

¶ 14                                        III. CONCLUSION

¶ 15    Defendant forfeited his argument that his sentence was too lenient. Accordingly, the judgment of the circuit court of Du Page County is affirmed. As part of our judgment, we grant the State's request that defendant be assessed $50 as costs for this appeal. 55 ILCS 5/4-2002(a) (West 2016); see also *People v. Nicholls*, 71 Ill. 2d 166, 178 (1978).

¶ 16    Affirmed.