2020 IL App (2d) 180095-U
No. 2-18-0095
Order filed April 16, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 16-CF-875 |
| BRUCE MORRIS, | ) ) ) | Honorable Linda S. Abrahamson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BRIDGES delivered the judgment of the court.
Presiding Justice Birkett and Justice Hudson concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court did not commit plain error in sentencing defendant to 30 months' probation for aggravated battery of a peace officer and 180 days' imprisonment for resisting a peace officer: defendant could not establish clear and obvious error, as the terms of probation and imprisonment were within the permissible ranges for the offenses.

¶ 2    Following a bench trial, defendant, Bruce Morris, was convicted of aggravated battery of a peace officer (720 ILCS 5/12-3.05(d)(4) (West 2016)) and resisting a peace officer (*id*. § 31-1(a)).  He was sentenced to 30 months of probation and 180 days in jail, and he never challenged his sentence in the trial court.  On appeal, he argues that he was sentenced to 30 months' probation

for each offense. He concludes that, pursuant to the second prong of the plain-error rule, this court must reduce his sentence for resisting a peace officer to 24 months of probation, as that is the maximum probationary term for that offense. We affirm, because the record refutes defendant's claim that the probationary term was imposed for resisting a peace officer.

¶ 3                                I. BACKGROUND

¶ 4     In May 2016, police responded to a disturbance in Aurora. Defendant was arrested at the scene after running from the police and physically fighting them when he was apprehended. Defendant was charged with aggravated battery of a peace officer, a Class 2 felony (*id.* § 12-3.05(d)(4), (h)) and resisting a peace officer, a Class A misdemeanor (*id.* § 31-1(a)).[1]

¶ 5     With one exception, every time the case was called, the judge recognized that the pending charges included a felony and a misdemeanor. However, in finding defendant guilty, the court focused on the felony aggravated battery charge. When the misdemeanor was brought to the court's attention, the following exchange was had:

    "MS. TROOST [ASSISTANT STATE'S ATTORNEY]: Judge, there was also a

    charge of resisting, obstruction.

    THE COURT: I don't think the argument—any of it went to that—any of the case

    went to that. I mean, we tried that as well, is that correct?

    MS. TROOST: Yes, Judge.

    THE COURT: You agree with that—Actually, no.

    MS. BILBREY [ASSISTANT PUBLIC DEFENDER]: I thought we did not.

_____

    [1] Defendant was also charged with criminal damage to property (*id.* § 21-1(a)(1)), a misdemeanor, but that charge was brought separately in case No. 16-CM-1914.

THE COURT: The second case is the criminal damage.

MS. TROOST: That's the other case. Judge, there was a count 2, resisting a peace officer.

THE COURT: That's a Class A. I'm going to enter a finding of guilty. I know most of the discussion was on the Class 2 but I will enter a finding of guilt on the other in the same incident, I guess disregarding the lawful commands of the officer, et cetera."

¶ 6    At sentencing, before addressing defendant's posttrial motion, the court asked, "Is the misdemeanor just trailing? I can't remember." Defense counsel responded, "Yes, Judge." The court then stated "[a]nd also 16 CM 1914," which-was the criminal damage to property case.

¶ 7    The court denied defendant's posttrial motion and then asked the parties whether they had any additions or corrections to make to the presentence investigation report. At that time, defendant alerted the court that, when he was charged, he was not eligible for probation on the Class 2 felony.[2] However, the law had changed, and under the new statute, defendant was eligible for probation on the Class 2 felony. The State agreed that this was correct.

¶ 8    Following a thorough sentencing hearing, where defendant asked for "a general term of probation," the court admonished defendant about his appeal rights and then sentenced defendant

---

[2] Defendant was ineligible, because he had been convicted of another Class 2 or higher-class felony within the last 10 years. Compare 730 ILCS 5/5-5-3(c)(2)(F) (West 2016) (probation not available when the defendant convicted of a Class 2 or higher class felony within last 10 years) with 730 ILCS 5/5-5-3(c)(2)(F-3) (West 2018) (probation not available when the defendant convicted of a Class 2 felony sex or firearm offense within the last 10 years).

to 30 months of probation. After defendant filed his notice of appeal and asked for the appointment of a public defender, the following exchange was had:

"THE COURT: All right. We have a misdemeanor. So we need to do something with that.

MS. TROOST: The only thing I do ask is are you sentencing him to the amount of jail that he has already previously.

THE COURT: Credit for whatever he's done.

MS. TROOST: Okay. Put that down and he's being sentenced to that.

THE COURT: I would. Yes, that was on my list, but it was on the other side. Thank you for asking."

¶ 9 After the parties addressed a DNA fee, the trial court asked about the criminal damage to property case. The court subsequently advised defendant that that case was still pending and that he would be notified about when he should appear in court on that case.

¶ 10 The written sentencing order, which was a preprinted form that one of the attorneys filled out and the trial court signed, noted that defendant was found guilty of aggravated battery of a peace officer and resisting a peace officer. The form also provided that defendant was sentenced to 30 months of probation, but it did not indicate on what conviction the term of probation was imposed. The written order also indicated that defendant was sentenced to 180 days in jail with credit for 160 days served. The order does not provide on which conviction the jail sentence was imposed.

¶ 11 Also included in the record was a form entitled "Rules and Conditions of Probation." The form indicated that defendant had been convicted of aggravated battery of a peace officer and resisting a peace officer and that he was sentenced to 30 months of probation.

¶ 12    Defendant never challenged his sentence in the trial court.

¶ 13    This timely appeal followed.

¶ 14                                II. ANALYSIS

¶ 15    Defendant argues on appeal that, pursuant to the plain-error rule, this court must reduce defendant's 30-month term of probation on the resisting a peace officer conviction to 24 months. We review that issue *de novo*.  See *People v. Johnson*, 238 Ill. 2d 478, 485 (2010).

¶ 16    The failure to raise a sentencing issue in the trial court results in forfeiture of that issue on appeal.  *People v. Adame*, 2018 IL App (2d) 150769, ¶ 12.  However, the plain-error rule allows us to review sentencing issues, like the one raised here, that were not raised in the trial court.  *Id.* To obtain relief under this rule, the defendant must first establish a "clear or obvious error."  *People v. Hillier*, 237 Ill. 2d 539, 545 (2010).

¶ 17    Here, as noted, defendant was convicted of resisting a peace officer, a Class A misdemeanor.  720 ILCS 5/31-1(a) (West 2016).  The maximum sentence of probation a defendant faces when convicted of a Class A misdemeanor is 24 months.  See 730 ILCS 5/5-4.5-55(d) (West 2016).  Thus, if defendant was sentenced to 30 months of probation on the resisting a peace officer conviction, he was sentenced in excess of the maximum, which constitutes a clear and obvious error.  See *People v. Belmont*, 2018 IL App (2d) 150886, ¶ 9.

¶ 18    However, we conclude that defendant was not sentenced to 30 months of probation on the resisting a peace officer conviction.  The written sentencing order and the form outlining the rules of probation suggested that probation was imposed on both convictions.  However, in announcing the sentence, the trial court indicated that it imposed probation on the aggravated battery conviction and 180 days in jail on the resisting a peace officer conviction.  When there is a conflict between the court's written order and its oral pronouncement, the oral pronouncement controls.  *People v.*

*Maxey*, 2015 IL App (1st) 140036, ¶ 46. Thus, we must conclude that defendant was sentenced to 180 days in jail on the resisting a peace officer conviction, which was well within the proper range. See 730 ILCS 5/5-4.5-55(a) (West 2016) (sentence on Class A misdemeanor shall be less than one year).

¶ 19 This is fatal to defendant's plain-error argument. Because he was sentenced within the appropriate range, he cannot establish a clear and obvious error. See *Hillier*, 237 Ill. 2d at 545. And, without a clear and obvious error, defendant cannot establish plain error. See *id*.

¶ 20                                    III. CONCLUSION

¶ 21 For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 22 Affirmed.