**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210057-U

Order filed February 24, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Rock Island County, Illinois, |
|---|---|---|
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0057 Circuit No. 16-CF-805 |
| | ) | |
| ANTONIO McGHEE, | ) ) | Honorable Norma Kauzlarich, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McDADE delivered the judgment of the court.
Presiding Justice O'Brien concurred in the judgment.
Justice Hauptman specially concurred, with opinion.

**ORDER**

¶ 1        *Held*:   The circuit court improperly considered defendant's intimidation charges in Iowa.

¶ 2        Defendant, Antonio McGhee, appeals his sentence of 10 years' imprisonment for

unlawful use of a weapon by a felon (UUWF). He argues that in imposing his sentence, the Rock

Island circuit court considered the improper factor of dismissed intimidation charges from Iowa.

We vacate defendant's sentence and remand for resentencing.

¶ 3                                    I. BACKGROUND

¶ 4          The State charged defendant with UUWF, a Class 2 felony (720 ILCS 5/24-1.1(a) (West

2016)), and as an armed habitual criminal, a Class X felony (*id.* § 24-1.7(a)).

¶ 5          The evidence at defendant's bench trial showed that officers conducted a traffic stop on a

vehicle driven by defendant. The officers found an open container of alcohol in the vehicle and

searched the rest of the vehicle. The officers found a handgun in the glove compartment. The

front seat passenger had the key to the glove compartment in his possession, but evidence was

presented showing defendant admitted to the passenger's attorney that the gun was his.

¶ 6          The court found defendant guilty of both charges. At the sentencing hearing, defendant

informed the court that the presentence investigation report (PSI) inaccurately reported the

disposition of his Iowa charges. Defendant had been charged in Iowa with two counts of

intimidation with a weapon, one count of theft, and one count of burglary. While the PSI showed

convictions on all charges, defendant was only found guilty of theft and burglary, not either of

the intimidation charges. The State had no objections to amending the PSI to eliminate the

intimidation charges as prior convictions. The court confirmed defendant's record of convictions

with the circuit court in Iowa and amended the PSI to reflect the correct dispositions. The State

argued defendant was not likely to be rehabilitated and asked for 15 years' imprisonment.

Defendant represented himself at the sentencing hearing and argued that there was insufficient

evidence to find him guilty. When asked if he would offer any sentencing alternatives or factors

in mitigation, defendant responded, "No, it really doesn't matter," and indicated that he would

appeal anyway. The court sentenced defendant to 10 years' imprisonment.

¶ 7          Defendant appealed, arguing that there was insufficient evidence to find him guilty for

being an armed habitual criminal. This court reversed, finding that the Iowa burglary charge was

not equal to a forcible entry in Illinois, a requirement for an armed habitual criminal conviction. *People v. McGhee*, 2020 IL App (3rd) 180349, ¶ 55. This court remanded the case back to the circuit court for resentencing on the UUWF charge. *Id.* ¶ 65.

¶ 8        The circuit court ordered a new PSI and held the resentencing hearing on February 4, 2021, where defendant was represented by counsel. The updated PSI indicated that defendant was convicted of theft and burglary in Iowa. At the hearing, the court stated that because defendant refused to participate in the new PSI interviews, the PSI was incomplete, and the court would use the PSI from the first sentencing hearing. Neither defendant nor the State objected.

¶ 9        The State requested defendant be sentenced to 14 years' imprisonment. It introduced no additional evidence but argued that the burglary in Iowa involved defendant stealing firearms, indicating defendant was violent. Defendant pointed out that the resentencing was for a Class 2 offense while he was originally sentenced to 10 years' imprisonment for a Class X offense. Because he was being sentenced on a lesser charge, defendant argued he should receive a lesser sentence. Defendant further claimed that he had not received any major infractions while incarcerated and had a better attitude than the last time he was in court. The State asked that defendant testify to his assertions if the court were to consider his statements in sentencing or the State would ask for a continuance to investigate his claims. Defendant was subsequently sworn and questioned by the court regarding his statements. During questioning, he stated that he had received only two minor infractions while incarcerated and that he had already obtained his general education diploma and had no additional schooling available to him.

¶ 10        At the outset of its sentence pronouncement, the court stated that when reviewing the factors in aggravation and mitigation, it was concerned that defendant was a violent criminal. In support of that assertion, the court noted that it found defendant's prior criminal history,

3

specifically the two counts of intimidation with a weapon as documented in the first PSI, most persuasive in its belief that defendant was violent. The court then stated:

> "The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time. And that's where the Court gets hung up on here.
>
> As a juvenile, it's robbery, aggravated battery in a public place and robbery. So that's a violent offense to me. So okay, I can't consider that, but it tells me who he is from, oh, 14 years ago—almost 15 years ago.
>
> Then we move on to being an adult and as an adult, intimidation with a dangerous weapon/injure or provoke fear. A felony offense out of [Iowa]. And theft of a second degree. So there is a—and that one also has the burglary offense that Ms. Gardner indicated of him trying to break into K&K Hardware for allegedly trying to steal firearms. The Court considers that a violent offense, especially—
>
> ***
>
> THE COURT:—not the burglary so much, but the intimidation with a dangerous weapon.
>
> [Defendant], at this point you really can't complain because this is what I have to go on, sir."

¶ 11 The court again sentenced defendant to a term of 10 years' imprisonment. Before court adjourned, defense counsel reminded the court that a jury found defendant not guilty of the intimidation charges, to which the following conversation took place:

4

"[DEFENSE COUNSEL]: Your Honor, if I may, I did look up while you were speaking, it does appear as though the intimidating with dangerous weapon was dismissed by the Court in [Iowa] *** where he was convicted of burglary second degree and theft second degree and two counts of intimidation with a dangerous weapon were dismissed.

THE COURT: Pursuant to the plea.

[DEFENSE COUNSEL]: He went to a jury trial, Your Honor.

THE COURT: Okay.

[DEFENSE COUNSEL]: I just wanted to make that clear.

THE COURT: I appreciate it. I don't care. I don't know—I'm done with the sentence."

¶ 12                                    II. ANALYSIS

¶ 13        On appeal, defendant argues that the circuit court used an improper factor at sentencing. Specifically, defendant asserts that the court erred in considering the Iowa intimidation charges as a factor. He requests the case be remanded for resentencing in front of a different judge. The State contends that the court properly sentenced defendant, and that its statement "I don't care," when reminded that defendant had not received convictions for intimidation, indicated that the correction did not change its sentencing decision.

¶ 14        As an initial matter, we address the parties' discussion regarding plain error. Defendant, in anticipation of the State arguing he forfeited this matter on appeal, argues the waiver rule should be relaxed in this case because any postsentencing motion would have been ignored. The State, however, asserts that defense counsel did properly preserve the issue when he pointed out the court's error at sentencing. While defendant did not submit a written postsentencing motion

5

raising sentencing errors, we agree with the State that the issue was preserved for appeal. Defense counsel's statements after sentencing regarding the intimidation charges may be considered an oral motion to reconsider sentence, to which the State voiced no objection. The requirement of filing a written motion is "waived where defendant makes an oral motion to reconsider his sentence and the State does not object." *People v. Davis*, 356 Ill. App. 3d 725, 731 (2005). Thus, defendant preserved the issue for appeal.

¶ 15 A circuit court has broad discretion in imposing a defendant's sentence. *People v. Jones*, 168 Ill. 2d 367, 373 (1995). There is a strong presumption that the circuit court based its sentencing determination on proper legal reasoning. *People v. Dowding*, 388 Ill. App. 3d 936, 942-43 (2009). We therefore give great deference to the circuit court when reviewing sentencings on appeal. *Id.* We note that defendant's sentence falls well within the 3- to 14-year sentencing range that accompanies a Class 2 UUWF conviction. See 720 ILCS 5/24-1.1(e) (West 2016). Moreover, because the sentence is within the applicable range, it is presumptively valid, and defendant bears the burden to rebut this presumption. See *People v. Busse*, 2016 IL App (1st) 142941, ¶ 27.

¶ 16 In determining whether an improper factor was considered at sentencing, we should consider the entire record. *Dowding*, 388 Ill. App. 3d at 943. A sentence based on an improper factor may not be affirmed unless the reviewing court determines that the weight placed on the improperly considered aggravating factor is so insignificant that it could not lead to a greater sentence. *People v. Heider*, 231 Ill. 2d 1, 21 (2008). Factors considered in determining whether a court has afforded significant weight to an improper factor such that a remand is required are (1) whether the circuit court made any dismissive or emphatic comments in reciting its consideration of the improper factor, and (2) whether the sentence was substantially less than the

6

maximum sentence permissible by statute. *People v. Abdelhadi*, 2012 IL App (2d) 111053, ¶ 18. Whether a court relied on an improper factor in imposing a sentence presents a question of law that is reviewed *de novo. Id.* ¶ 8.

¶ 17 In the instant case, the circuit court was explicit in stating that it considered the dismissed intimidation charges when determining defendant's sentence. In fact, the court stated that it was not as concerned with the Iowa burglary charge, but it was more concerned with the intimidation charges. Thus, it is clear that the court considered an improper factor. What is unclear is how much weight the court put on the charges when determining the sentence. Moreover, "we are not prepared to say that, on the record before us, the weight placed upon defendant's nonexistent conviction by the trial court was negligible." *People v. Whitney*, 297 Ill. App. 3d 965, 971 (1998). Not only did the circuit court specifically state on the record it considered the charges, but these were also the only factors emphasized by the court in pronouncing its sentence. It is impossible to conclude that the weight placed on them was "so insignificant that it did not lead to a greater sentence." *Heider*, 231 Ill. 2d at 21. Where a reviewing court is unable to determine the weight given to the improper aggravating factor in sentencing, resentencing is required. *People v. Joe*, 207 Ill. App. 3d 1079, 1086 (1991). Accordingly, we vacate defendant's sentence and remand the matter for resentencing.

¶ 18 Defendant requests we assign his case on remand to a different judge. Illinois Supreme Court Rule 366(a)(5) (eff. Feb. 1, 1994) gives a reviewing court the discretion to reassign a matter to a new judge on remand. *People v. Tally*, 2014 IL App (5th) 120349, ¶ 43. Because it is unclear whether the circuit court's proclamation that it "didn't care" was an expression of disinterest or frustration, and out of an abundance of caution, we exercise the discretion of this

7

court and find that the interests of justice would be best and most efficiently served by reassigning the case to a different judge on remand.

¶ 19                                    III. CONCLUSION

¶ 20        The judgment of the circuit court of Rock Island County is vacated and remanded for resentencing.

¶ 21        Vacated and remanded.

¶ 22        JUSTICE HAUPTMAN, specially concurring:

¶ 23        I fully concur in the well-reasoned decision to remand this case to the circuit court for resentencing. However, I respectfully disagree that our court should grant defendant's request to reassign this case to a different circuit court judge. I agree with the State that the circuit court's statement "I don't care" was an indication that defense counsel's correction did not change the circuit court's sentencing decision rather than an "expression of disinterest or frustration" that warrants reassignment. See supra ¶¶ 13, 18. Further, I believe there is a great benefit in allowing the circuit court judge who presided over the bench trial to also preside over sentencing. In light of the guidance provided by this court, I believe the circuit court is fully capable of fulfilling that duty without unfairness to defendant. As such, I find it unnecessary to wield our discretion under Rule 366(a)(5) and Tally.

¶ 24        For these reasons, I specially concur.