2022 IL App (2d) 200219-U
No. 2-20-0219
Order filed June 27, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 12-CF-2466 |
| THOMAS HOLLOWAY, | ) ) ) | Honorable Liam C. Brennan, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices McLaren and Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court erred in summarily dismissing defendant's postconviction petition where it was arguable that (1) defense counsel unreasonably failed to inform the trial court at sentencing that defendant's prior conviction of aggravated unlawful use of a weapon was void, and (2) the error prejudiced defendant in that the court placed weight on the void conviction as an aggravating factor in sentencing defendant.

¶ 2    Defendant, Thomas Holloway, appeals from the first-stage dismissal of his amended petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq*. (2018)).  He argues that his amended petition stated the gist of a claim.  Specifically, his defense counsel was ineffective for failing to object to the trial court's use of a void 2003 conviction of aggravated

unlawful use of a weapon (AUUW) (720 ILCS 5/24-1.6 (West 2002)) as aggravating evidence at defendant's sentencing hearing. The State argues that (1) defendant forfeited the contention by failing to raise it on direct appeal or in postconviction proceedings below, and (2) alternatively, defendant cannot show that the court gave any weight to the 2003 AUUW conviction and thus prejudiced defendant. Under our authority as recognized in *In re N.G.*, 2018 IL 121939, ¶ 32, we obtained the relevant trial court records and ascertained that defendant was convicted of AUUW under section 24-1.6(a)(1), (a)(3)(A) of the Criminal Code of 1961 (720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2002)). Our supreme court declared this section facially unconstitutional—and void *ab initio*—in *People v. Aguilar*, 2013 IL 112116, ¶ 22, and *People v. Burns*, 2015 IL 117387, ¶ 32. Thus, defendant's 2003 AUUW conviction is void. Because a voidness challenge may be brought at any time (*N.G.*, 2018 IL 121939, ¶¶ 43, 57), defendant's challenge is not subject to forfeiture. Arguably, there is a reasonable probability that the court gave some weight to defendant's void 2003 AUUW conviction when it imposed sentence. Therefore, we hold that defendant's petition stated the gist of a constitutional claim, and we reverse the petition's dismissal and remand the cause for proceedings under the second stage of the Act.

¶ 3                                    I. BACKGROUND

¶ 4        Our supreme court decided *Aguilar* in late 2013. *Aguilar* held that the Class 4 form of AUUW as described in section 24-1.6(a)(1), (a)(3)(A), (d) of the Code (720 ILCS 5/24-1.6(a)(1), (a)(3)(A), (d) (West 2008)) violates the right to keep and bear arms, as guaranteed by the second amendment to the United States Constitution (U.S. Const., amend. II). *Aguilar*, 2013 IL 112116, ¶ 22. Under subsection (d) of section 24-1.6, the Class 4 form was the "basic" form of the offense in subsection (a)(1), (a)(3)(A), and the felony class increased based on the presence of additional factors. See 720 ILCS 5/24-1.6(a)(1), (a)(3)(A), (d) (West 2008). *Aguilar* expressly limited its

holding to the Class 4 form of AUUW. *Aguilar*, 2013 IL 112116, ¶¶ 20-22. In December 2015, the *Burns* court realized that *Aguilar* "improperly placed limiting language on [its] holding." *Burns*, 2015 IL 117387, ¶ 25. *Burns* clarified that "section 24-1.6(a)(1), (a)(3)(A) of the statute is facially unconstitutional, without limitation," thus making section 24-1.6(a)(1), (a)(3)(A) unconstitutional for all forms of the offense. *Burns*, 2015 IL 117387, ¶ 25.

¶ 5　　On May 13, 2014, a grand jury indicted defendant on a single count of unlawful delivery of a controlled substance (1 gram or more but less than 15 grams of a substance containing heroin), a Class 1 felony (720 ILCS 570/401(c)(l) (West 2012)). The delivery allegedly took place on October 11, 2012.

¶ 6　　At defendant's arraignment, the trial court advised him that he was subject to Class X sentencing based on his criminal history.

¶ 7　　Defendant executed a jury waiver but did not appear for his bench trial. He was tried and found guilty *in absentia*. Defendant's presentencing investigation report (PSI) showed multiple juvenile adjudications for unlawful possession of a controlled substance. As an adult, he had the following felony record (listed by date of conviction, felony class, and original sentence): (1) a narcotics offense (2002, Class 1, probation), (2) AUUW (2003, Class 4, four years' imprisonment) in Cook County case No. 02-CR-3079701, (3) aggravated discharge of a firearm (2005, Class 2, 15 years' imprisonment), and (4) unlawful possession of a controlled substance (2014, Class 4, three years' imprisonment).

¶ 8　　The court sentenced defendant *in absentia* on March 11, 2016—about three months after the supreme court decided *Burns*. Neither party suggested any corrections to the PSI. The court again noted that, although defendant's current offense was a Class 1 felony, his prior history of at least two Class 2 or greater felonies subjected him to mandatory Class X sentencing under section

5-4.5-95(b) of the Unified Code of Corrections (Code) (730 ILCS 5/5-4.5-95(b) (West 2012)).

Emphasizing defendant's criminal record, the court sentenced him to 20 years' imprisonment:

"[His] criminal history is extremely problematic ***. As an adult he has essentially been in the system either incarcerated on probation, taking or dealing drugs or doing other very serious things his entire adult life.

We start with the possession in 2001.[1]

And then in 2002 while he's on probation, he commits [AUUW],[2] gets sentenced to four years in the Illinois Department of Corrections [(DOC)], is paroled in August of [2003].

And while he's on parole he's convicted of aggravated discharge of a firearm, which is attached, obviously, to attempt first-degree murder, but that was nolle pros'd [sic], and [he was] sentenced to 15 years in the [DOC], and it looks like it was an 85 percent sentence. ***

*** [A]nd while he's on mandatory supervised release he not only commits a delivery in Cook County, and he's arrested for that in November of 2012,[3] he also commits the delivery for which he's been convicted of in this case and he has—scared or not—and he's certainly entitled to plead not guilty. and he's certainly entitled to a trial, and there's no imposition of [a] trial tax, obviously, however, not appearing in court suggests to the

---

[1]The PSI shows a conviction date of January 2002 for the narcotics offense.

[2]The PSI shows a conviction date of January 2003 for AUUW.

[3]The PSI shows a conviction date of April 2014 for unlawful possession/delivery of a controlled substance.

Court that, as does his history, that he's not somebody that's likely to be rehabilitated at this point.

So considering the factors in aggravation and mitigation, statutory and nonstatutory, and the arguments of counsel, I do believe a 20-year sentence in the [DOC] is appropriate, and that will be the sentence the Court imposes."

¶ 9     Defendant did not file a motion to reconsider his sentence. Instead, he filed a motion for leave to file a late notice of appeal, which we granted. He raised three issues, none of which related to the use of his 2003 AUUW conviction at his sentencing hearing. We affirmed. *People v. Holloway*, 2018 IL App (2d) 160337-U.

¶ 10    On July 1, 2019, defendant filed a petition for relief under the Act. None of the claims in the original petition are relevant to this appeal.

¶ 11    On August 1, 2019, before any decision on the original petition, defendant amended the petition with an additional claim. He contended that the trial court used his 2003 AUUW conviction to "enhance" his sentence and that this was improper because the "A.U.U.W. statute was deemed unconstitutional" in *Burns*. He concluded:

"If the trial court consider[ed] the unconstitutional A.U.U.W. statute that was used to enhance this petitioner['s] sentence. This petitioner was prejudiced by the number of years he was given and a new sentencing hearing should take place. My 20 year sentencing is predicated on an unconstitutional prior conviction, hence, deeming my sentence *VOID*." (Emphasis in original.)

¶ 12    On October 29, 2019, the trial court dismissed the amended petition as frivolous and patently without merit. It ruled that—the 2003 AUUW conviction aside—defendant still had at

least two Class 2 or greater felony convictions and so was subject to Class X sentencing under section 5-4.5-95(b) of the Code:

"[Defendant] claims the trial court erroneously sentenced him as a Class X felon based upon an improper enhancement: to wit, that this Court considered a Class 2 [AUUW] that was a voidable pursuant to [*Burns*], as the basis for enhancing his offense from a Class 1 to a Class X felony. A review of Defendant's criminal history as set forth in the [PSI], however, demonstrates that even if this court were to completely disregard defendant's [2003 AUUW conviction], defendant would otherwise be subject to Class X Sentencing pursuant to 730 ILCS 5/5-4.5-95(b) due to prior convictions for a Class 1 Narcotics Offense out of Cook County in 2002 ***, a Class 1 Attempt Armed Robbery out of Cook County in 2005[4] ***, and a Class 2 Delivery of a Controlled Substance out of Cook County in 2012[5] ***. Moreover, even if Defendant is correct that his [AUUW] conviction might properly be vacated pursuant to [*Burns*], until said conviction is vacated by an appropriate court with reviewing authority, it may properly serve as the basis for an enhancement pursuant to 730 ILCS 5/5-4.5-95. *Cf.*, *People v. McFadden* 2016 IL 117424 & [*sic*] *People v. McGee* 2017 IL App (1st) 140013-B."

¶ 13    Defendant moved for reconsideration. He claimed that defense counsel was

---

[4]Evidently, the court was referring to the 2005 conviction of aggravated discharge of a firearm.

[5]The PSI shows a conviction date of 2014 for unlawful possession/delivery of a controlled substance.

"ineffective when he allowed [defendant] to be senten[ced] under Class X Sentencing. When in fact [he] was not eligible for Class X Sentencing pursuant to [*Burns*] making [defendant's 2003 AUUW conviction] voidable."

Regarding the trial court's finding that defendant would have been subject to Class X sentencing regardless of the 2003 AUUW conviction, defendant noted that (1) the 2001 case giving rise to the 2002 narcotics conviction was dismissed and (2) the 2014 conviction of unlawful possession of a controlled substance was a Class 4 felony, not a Class 2 felony as the court stated. He attached DOC records to support his claim.

¶ 14    On February 28, 2020, the trial court denied the motion. The court did not agree that defendant's 2001 case (leading to his 2002 narcotics conviction) was dismissed. However, the court did agree that defendant's 2014 conviction of unlawful possession of a controlled substance was a Class 4 felony. Nonetheless, the court found that defendant remained subject to Class X sentencing under section 5-4.5-95(b) of the Code due to his 2002 Class 1 narcotics conviction and his 2005 Class 1 conviction of aggravated discharge of a weapon.

¶ 15    Defendant filed a notice of appeal on March 16, 2020, and an amended notice of appeal on June 1, 2020.

¶ 16                                    II. ANALYSIS

¶ 17    On appeal, defendant argues that he stated the gist of a constitutional claim that defense counsel was ineffective for failing to object at sentencing to the use of his void 2003 AUUW conviction as aggravating evidence.

¶ 18    Defendant anticipates two forfeiture arguments. First, he contends that he could not have raised his ineffectiveness argument on direct appeal, as the record at that time did not show the statutory subsection under which he was convicted of AUUW. He relies on cases holding that a

PSI that does not show the subsection under which a defendant was convicted of AUUW is insufficient to show that the conviction is void. See *People v. Sherman*, 2020 IL App (1st) 172162, ¶¶ 18, 55. "Conversely," he claims, his

> "*pro se* [amended] petition clarified that the [AUUW] conviction was based on the subsection that was found unconstitutional in *Burns,*" that is, section 24-1.6(a)(1), (a)(3)(A) of the Code. He asks us to apply the maxim that "[a]llegations in a first-stage petition must be accepted as true unless positively rebutted by the record."

¶ 19 Second, defendant anticipates a forfeiture argument that his claim on appeal is not the same as the claim he brought in his amended petition. He asserts that, "[w]hile not entirely clear, [the] assertions [in the amended petition] at least suggest that [he] was claiming that counsel was ineffective for not objecting to the introduction of the prior AUUW conviction as aggravating evidence at the sentencing hearing." Alternatively, he argues that, even if we read his amended petition to refer only to his eligibility for mandatory Class X sentencing, his claim on appeal is not forfeited, because "it bears some relationship to the assertions in the *pro se* petition."

¶ 20 On the merits of his argument, defendant contends that defense counsel's failure to inform the trial court at sentencing that the AUUW conviction was void prejudiced him because the court focused on his criminal record in imposing a sentence 14 years above the Class X minimum sentence of six years. See 730 ILCS 5/5-4.5-25(a) (West 2012) (the sentencing range for a Class X felony is 6 to 30 years' imprisonment). He notes that the court specifically mentioned the 2003 AUUW conviction in reviewing what the court saw as defendant's "extremely problematic" criminal history. He recognizes that he had three other felony convictions. Still, he asserts that the 2002 narcotics conviction and the 2005 aggravated discharge conviction "were already taken

into account" as the bases for Class X sentencing.[6] Defendant suggests that, given the severity of his sentence, arguably there is a reasonable probability that the court considered both of his two other felony convictions—the 2003 AUUW conviction and the 2014 Class 4 unlawful possession conviction—in determining his sentence.

¶ 21 The State responds that defendant's ineffectiveness argument is forfeited because (1) it was "a matter of record and could have been raised in a direct appeal," and (2) he did not include the argument in his amended petition but raised the issue only in his motion to reconsider the petition's dismissal. On the merits of defendant's argument, the State disputes defendant's assertion of prejudice, arguing that the 2003 AUUW conviction did not result in a longer sentence. The State

---

[6]Defendant might be suggesting that to use the same convictions for both elevation to Class X sentencing and as aggravating factors in fashioning a Class X sentence would be an impermissible "double enhancement." If that is defendant's insinuation, he is mistaken. Once a sentencing court determines that a defendant's criminal history mandates Class X sentencing, the court may consider in aggravation the same offenses that supported mandatory enhanced sentencing. By " '[r]econsider[ing]' " those prior convictions "as part of [the] defendant's entire criminal history," the sentencing court is "performing its constitutionally mandated duty to assess [the] defendant's rehabilitative potential in order to fashion an appropriate sentence." *People v. Thomas*, 171 Ill. 2d 207, 229 (1996). "This exercise of judicial discretion [is] entirely proper and does not constitute an enhancement." *Thomas*, 171 Ill. 2d at 229. Thus, "a sentencing court's use of prior convictions to impose a Class X sentence *** does not preclude the court from considering those same prior convictions as an aggravating factor." *Thomas*, 171 Ill. 2d at 229 (citing 730 ILCS 5/5-5-3(c)(8) (West 1992) (now codified at 730 ILCS 5/5-4.5-95(b)).

points to the trial court's remark that, "even if [the] court were to completely disregard defendant's [AUUW] history, defendant would otherwise be subject to Class X Sentencing pursuant to 730 ILCS 5/5-4.5-95(b) due to prior convictions."

¶ 22 The Act provides a three-stage process for the adjudication of a postconviction petition. *People v. Buffer*, 2019 IL 122327, ¶ 45. At the first stage, the trial court determines whether the petition is "frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2018). Because most petitions at the first stage are drafted *pro se* by defendants with little legal knowledge or training, the threshold for survival is low. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). "[A] *pro se* petition seeking postconviction relief under the Act for a denial of constitutional rights may be summarily dismissed as frivolous or patently without merit only if the petition has no arguable basis either in law or in fact." *Hodges*, 234 Ill. 2d at 11-12.

¶ 23 The familiar two-pronged *Strickland* test generally governs a constitutional ineffective-assistance claim. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Under *Strickland*, a defendant must establish that his counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by counsel's deficient performance." *People v. Brown*, 2017 IL 121681, ¶ 25. Counsel's performance is measured by "an objective standard of competence under prevailing professional norms." *People v. Evans*, 186 Ill. 2d 83, 93 (1999).

> "The court must *** determine whether, in light of all the circumstances, [counsel's] identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant

decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

"An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. Defendant can show that he was prejudiced by counsel's failure to prevent the court from improperly considering a conviction if he can establish a reasonable probability that the court would have imposed a lesser sentence had counsel alerted the court to the void conviction. *People v. Billups*, 2016 IL App (1st) 134006, ¶ 16.

¶ 24    "At the first stage of postconviction proceedings under the Act, a petition alleging ineffective assistance may not be summarily dismissed if (i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *Hodges*, 234 Ill. 2d at 17. "This 'arguable' *Strickland* test demonstrates that first-stage postconviction petitions alleging ineffective assistance of counsel are judged by a lower pleading standard than are such petitions at the second stage of the proceeding." *People v. Tate*, 2012 IL 112214, ¶ 20. We review *de novo* the summary dismissal of a postconviction petition. *People v. Hatter*, 2021 IL 125981, ¶ 24.

¶ 25    Defendant contends that, "[w]hile not entirely clear, [the] assertions [in the amended petition] at least suggest that [he] was claiming that counsel was ineffective for not objecting to the introduction of the prior AUUW conviction as aggravating evidence at the sentencing hearing." He also argues that he adequately alleged that he was convicted of AUUW under the subsection held void in *Aguilar* and *Burns*.

¶ 26    Under *N.G.*, a court cannot impose collateral consequences for a void conviction. *N.G.*, 2018 IL 121939, ¶¶ 30-42. Moreover, a defendant may challenge a void AUUW conviction in *any*

court that otherwise has jurisdiction, including in a collateral proceeding. *N.G.*, 2018 IL 121939, ¶ 56. An appellate court may *sua sponte* take notice of trial court records to ascertain whether a conviction is void. *N.G.*, 2018 IL 121939, ¶ 32.

¶ 27 Under *N.G.*, defendant could raise a voidness challenge at any time. Therefore, we reject the State's argument that defendant forfeited his ineffectiveness claim. Also, under our authority as affirmed in *N.G.*, we have taken notice of the trial court record in Cook County case No. 02-CR-3079701 and determined that defendant's conviction was under section 24-1.6(a)(1), (a)(3)(A) of the Code and thus is void. Indeed, we learned that, on March 25, 2021, the Cook County circuit court vacated defendant's AUUW conviction in case No. 02-CR-3079701 and later granted defendant a certificate of innocence pursuant to section 2-702 of the Code of Civil Procedure (735 ILCS 5/2-702 (West 2020)). No appeal from that proceeding is pending. To obtain a certificate of innocence, a defendant must prove, among other things, that he or she "is innocent of the offenses charged in the indictment or information or his or her acts or omissions charged in the indictment or information did not constitute a felony or misdemeanor against the State." 735 ILCS 5/2-702(g)(3) (West 2020).

¶ 28 Although defendant's 2003 AUUW conviction has been vacated, there remains his claim that defense counsel unreasonably allowed defendant to suffer collateral consequences from that void conviction. See *N.G.*, 2018 IL 121939, ¶ 33 (vacating finding of depravity based on void conviction).

¶ 29 We agree with defendant that defense counsel arguably was unreasonable in failing to determine that defendant's 2003 AUUW conviction was void and advise the trial court of that fact at sentencing. As defendant's criminal record was certain to be a core issue at his sentencing, counsel should have been alert to the details of defendant's record. Further, our supreme court

had decided *Burns* three months before defendant's sentencing, so counsel should have been aware that an AUUW conviction might be void. Thus, counsel had every reason to determine if defendant's AUUW conviction was valid and no reason not to.

¶ 30     Further, defendant arguably was prejudiced by the trial court's consideration of the 2003 AUUW conviction. Although the State contends that the court did not place "significant weight" on the AUUW conviction in fashioning the sentence, the record suggests otherwise. "[A] sentence based on improper factors may be affirmed where the reviewing court can determine from the record that the weight placed on such an improperly considered aggravating factor was so insignificant it resulted in no increase in the defendant's sentence." *People v. Whitney*, 297 Ill. App. 3d 965, 971 (1998). Where the trial court takes specific note of a conviction, we cannot presume that the court gave no weight to the conviction. *Whitney*, 297 Ill. App. 3d at 971.

¶ 31     Here, when the trial court imposed sentence, it noted defendant's "extremely problematic" criminal history and specifically mentioned his 2003 AUUW conviction. Nonetheless, the State argues that, "[i]n dismissing the claim that the AUUW [conviction] should not have been considered in sentencing, the judge specifically said that he would sentence Defendant to the same sentence even if [the judge] did not consider the AUUW conviction."

¶ 32     We disagree. The trial court said that defendant would have been eligible *for Class X sentencing* regardless of the AUUW conviction. First, in dismissing the amended petition, the court stated:

"A review of Defendant's criminal history *** demonstrates that even if this court were to completely disregard defendant's [AUUW] history, *defendant would otherwise be subject to Class X Sentencing* pursuant to 730 ILCS 5/5-4.5-95(b) due to prior convictions

for a Class 1 Narcotics Offense ***, a Class 1 Attempt Armed Robbery[7] ***, and a Class 2 Delivery of a Controlled Substance ***." (Emphasis added.)

Later, in denying defendant's motion to reconsider, the court stated:

"Defendant *remains subject to Class X Sentencing* pursuant to 730 ILCS 5/5-4.5-95(b) due to prior convictions for a Class 1 Narcotics Offense *** and a Class 1 Aggravated Discharge of a Weapon ***." (Emphasis added.)

The court never (1) denied that it used the AUUW conviction as an aggravating factor in fashioning defendant's sentence within the Class X sentencing range or (2) clarified that it would have imposed the same sentence regardless of the AUUW conviction. We conclude that there is arguably a reasonable probability that the court would not have imposed a sentence 14 years higher than the Class X minimum absent the AUUW conviction. See 730 ILCS 5/5-4.5-25(a) (West 2012) (the minimum Class X sentence is six years' imprisonment).

¶ 33                                III. CONCLUSION

¶ 34     For the reasons stated, we reverse the summary dismissal of defendant's petition under the Act and remand the cause to the circuit court of Du Page County for proceedings under the second stage of the Act

¶ 35     Reversed and remanded.

---

[7]Evidently, the trial court was referring to the 2005 conviction of aggravated discharge of a firearm.