THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM HURLEY, Defendant-Appellant.

Second District   No. 2—95—0160

Opinion filed February 1, 1996.

Robert P. Ritacca, of Ritacca & Potkonjak, of Waukegan, for appellant.

Michael J. Waller, State's Attorney, of Waukegan, and Stephen D. Koslow, of Elmhurst (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE DOYLE delivered the opinion of the court:
Defendant, William Hurley, appeals the order of the circuit court of Lake County which denied his motion to reconsider his sentence. We vacate defendant's sentence and remand the cause for a new sentencing hearing.

Following a jury trial, defendant was convicted of one count of unlawful delivery of a controlled substance (720 ILCS 570/401(c)(2) (West 1992)) and one count of unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 1992)). Thereafter, defendant entered guilty pleas on three other offenses of unlawful delivery of a controlled substance. On December 2, 1994, the trial court conducted a sentencing hearing on the four charges of unlawful delivery of a controlled substance. At the conclusion of the hearing, the trial court sentenced defendant to four terms of 12 years' imprisonment to run concurrently. The trial court denied defendant's motion to reconsider the sentence on January 20, 1995. Defendant filed a timely notice of appeal.

On appeal, defendant makes three arguments: (1) the trial court improperly considered the compensation defendant received for committing the offenses; (2) the trial court abused its discretion by failing to accord the proper weight to factors in mitigation; and (3) the trial court placed too much weight on defendant's 1960 murder conviction as a factor in aggravation. On its own motion, this court ordered the parties to submit supplemental briefs addressing the following issues: "whether the trial court erred in assuming that an extended term sentence of 30 years was an authorized disposition by reason of the aggravating factor defined in 730 ILCS 5/5—5—3.2(b)(1), and, if so, whether the cause must be remanded for a new sentencing hearing."

During the sentencing hearing, the State noted that defendant was convicted of murder in 1960 and sentenced to 14 years in the Department of Corrections. The State then asked the trial court to

sentence defendant to a 20-year term of incarceration in the Department of Corrections. After defense counsel asserted that the sentence for a nonprobationable Class 1 felony was 4 to 15 years in the Department of Corrections, the trial court interrupted counsel's argument, stating that defendant was eligible for a sentence of 4 to 30 years because defendant's sentence could be extended in light of his prior murder conviction. Defense counsel then agreed that the proper sentencing range was from 4 to 30 years. In reaching its sentencing decision, the trial court stated:

"[A]lthough probation is not likely or is not available for him because of the other case, he could get probation on the others, but it really doesn't matter one way or the other I don't think unless I give him consecutive, and I'm not really considering that right now nor is that even contemplated in the State's request because the 20 years falls well within the—well, it does, it's extended, and it's available for that."

We further note that, in its original appellate brief, the State asserted that defendant's sentence could have been extended to 30 years.

■ Although defendant did not argue at his sentencing hearing that an extended-term sentence was improper, Supreme Court Rule 615(a) (134 Ill. 2d R. 615(a)) allows this court to take notice of plain errors or defects affecting substantial rights although they were not brought to the attention of the trial court. In the present case, the trial court's improper consideration of an extended-term sentence permits this court to review the issue under the plain error doctrine. See *People v. Gresham*, 104 Ill. App. 3d 81, 88 (1982).

■ The delivery of 1 gram or more but less than 15 grams of a substance containing cocaine is a Class 1 felony (720 ILCS 570/401(c)(2) (West 1992)), punishable by a sentence of not less than 4 years and not more than 15 years (730 ILCS 5/5—8—1(a)(4) (West 1992)). However, a trial court may impose an extended-term sentence:

"(1) When a defendant is convicted of any felony, after having been previously convicted *** of the same or similar class felony or greater class felony, when such conviction has occurred within 10 years after the previous conviction, excluding time spent in custody, and such charges are separately brought and tried and arise out of different series of acts." 730 ILCS 5/5—5—3.2(b)(1) (West 1992).

An extended-term sentence for a Class 1 felony is a term of imprisonment of not less than 15 years and not more than 30 years. 730 ILCS 5/5—8—2(a)(3) (West 1992).

In the present case, the trial court believed defendant was eligible for an extended-term sentence based on defendant's prior murder

conviction. The State apparently asked for an extended-term sentence, and defendant's attorney also agreed to defendant's eligibility for an extended-term sentence. However, defendant was sentenced to a term of 14 years in the Department of Corrections for murder on June 3, 1960. Defendant was released on parole on June 27, 1968, and his parole terminated on June 8, 1969. Accordingly, defendant could not be sentenced to an extended-term sentence because his release from custody occurred more than 10 years before his present convictions. Therefore, the trial court was under the mistaken belief that defendant was eligible for an extended-term sentence. The issue before this court is whether defendant must receive a new sentencing hearing because of the trial court's misapprehension concerning defendant's eligibility for an extended-term sentence.

■ A trial court's misapprehension of a minimum sentence necessitates a new sentencing hearing when it appears that the trial court's misunderstanding arguably influenced the sentencing decision. *People v. Eddington*, 77 Ill. 2d 41, 48 (1979). Our supreme court and the appellate court have intimated that the standard expressed in *Eddington* applies to cases in which the trial court mistakenly believed that a defendant was eligible for an extended-term sentence. See *People v. White*, 114 Ill. 2d 61, 68 (1986); see also *People v. Fletcher*, 156 Ill. App. 3d 405, 415 (1987). We agree that the *Eddington* standard applies to a mistaken belief regarding the application of an extended-term sentence.

■ In the present case, the trial court's comments during the sentence hearing and during the hearing on defendant's motion to reconsider indicate that the court considered defendant's eligibility for an extended-term sentence as a reference point in deciding what sentence to impose. Specifically, in rejecting defendant's motion to reconsider the sentence, the trial court stated:

"In my mind this was a pretty decent sentence considering he did have the prior murder conviction and taking that not for his proneness to violence, but only as to he does have a prior history and something that could really accelerate his sentence or something that I could consider anyway."

This statement reveals the trial judge's belief he could use the murder conviction to extend defendant's sentence. The statement further discloses that the trial court considered defendant's eligibility for an extended-term sentence in deciding on an appropriate sentence. Accordingly, the trial court's mistaken belief that defendant was eligible for an extended-term sentence arguably influenced the court's sentencing decision. Because the trial court utilized an erroneous view of the permissible sentencing range in determining defendant's

sentence, we conclude that the cause must be remanded for a new sentencing hearing.

We note that the facts of the present case differ from those in *People v. Kunze*, 193 Ill. App. 3d 708 (1990). In *Kunze*, the trial court stated during the sentencing hearing that defendant was eligible for an extended-term sentence. The State's Attorney replied that defendant was not eligible for an extended-term sentence because his present conviction was a higher class offense than his prior convictions. In determining that the record did not support a conclusion that the sentence was the product of a mistaken belief by the trial court that defendant was eligible for an extended-term sentence, the appellate court noted the State's Attorney's statement that defendant was not eligible for an extended-term sentence and that the sentence imposed was well within the statutory range. *Kunze*, 193 Ill. App. 3d at 727-28. Accordingly, the facts in *Kunze* indicate that the trial court's misapprehension did not influence the court's sentencing decision. However, in the present case, the trial court's remarks reveal that, in reaching its sentencing decision, the court considered the fact that defendant was eligible for an extended-term sentence. Furthermore, both the State and defendant's attorney agreed on defendant's eligibility for an extended-term sentence. The facts in the present case indicate that the trial court's misapprehension that the State's recommended sentence of 20 years was within a permissible sentencing range of 30 years arguably influenced its sentencing decision.

Because we remand for resentencing on the extended-term sentence issue, we will not consider the other issues raised in defendant's brief. We express no opinion on the correctness of the sentence imposed, although we note that the sentence is within the statutory range. In resentencing defendant, the trial court is entitled to weigh the fact of defendant's murder conviction as an aggravating factor.

We vacate the sentence imposed by the circuit court of Lake County and remand the cause for a new sentencing hearing.

Vacated and remanded.

THOMAS and HUTCHINSON, JJ., concur.