NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 210016-U

NO. 4-21-0016

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 5, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| JAMES RYDBERG, | ) | No. 19CF164 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

---

JUSTICE HARRIS delivered the judgment of the court.
Justice Zenoff and Justice Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court affirmed, concluding:

(1) the trial court did not abuse its discretion by failing to consider relevant mitigation evidence in sentencing defendant,

(2) the trial court did not rely on an incorrect sentencing range by considering defendant's eligibility for an extended-term sentence,

(3) the trial court's consideration of defendant's eligibility for an extended-term sentence in aggravation as indicative of the serious nature of the offense did not constitute to second-prong plain error, and

(4) defendant did not prove cumulative error denied him the right to a fair sentencing hearing.

¶ 2    Defendant, James Rydberg, entered an open guilty plea to aggravated fleeing or attempting to elude a peace officer, and the trial court sentenced him to three years' imprisonment. On appeal, defendant argues the trial court erred by (1) failing to consider

relevant mitigating factors at sentencing, (2) relying on an incorrect sentencing range by considering his eligibility for an extended-term sentence, and (3) considering his eligibility for an extended-term sentence in aggravation. Defendant also argues the cumulative effect of these errors deprived him of a fair sentencing hearing. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        Defendant was charged with aggravated fleeing or attempting to elude a peace officer (625 ILCS 5/11-204.1(a)(1) (West 2018)), a Class 4 felony. In September 2020, he entered an open plea of guilty. Before accepting the plea, the trial court advised defendant he faced a minimum sentence of conditional discharge and a maximum sentence of three years' imprisonment. The court stated the sentencing range for a term of imprisonment was one to three years' imprisonment plus one year of mandatory supervised release.

¶ 5        As a factual basis for the plea, the State indicated that two officers observed defendant on the day of the incident driving a vehicle while his license was suspended. They confirmed his license was suspended and initiated a traffic stop. Defendant sped away from the officers on an interstate at a speed exceeding 100 miles per hour. An officer drove at a speed of approximately 120 miles per hour in pursuit of defendant.

¶ 6        After admonishing defendant, the court accepted his guilty plea.

¶ 7        A presentence investigation report (PSI) indicated that, at the time of the offense, defendant was serving a sentence of probation for a 2017 conviction for resisting a peace officer (720 ILCS 5/31-1(a-7) (West 2016)), a Class 4 felony. The PSI stated defendant had 11 additional prior felony convictions as well as several prior misdemeanor convictions. The PSI included an Illinois Adult Risk Assessment, which determined defendant had a moderate risk level for reoffending. At the time the PSI was prepared, defendant had both a full-time job and a

part-time job. He previously had three other jobs during the course of his sentence of probation for his 2017 conviction. He resigned from one of these positions and was fired from the other two.

¶ 8 The PSI described defendant's compliance with the terms of his probation sentence for his 2017 conviction as "brief periods of showing progress" which were "overshadowed by his repeated violations." Defendant drank alcohol and used cannabis while on probation. However, he had no violations during a period of time when he was wearing an alcohol monitoring bracelet. He had seven police contacts during his probation, five of which resulted in new criminal charges.

¶ 9 In November 2020, a sentencing hearing was held. Defendant called Catherine Miles as a witness. Miles testified that she and her husband were disabled, and defendant lived with them. Defendant helped them with house repairs and yard work, and he contributed to household expenses. Defendant's absence would cause financial hardship for Miles.

¶ 10 The State argued a sentence of three years' imprisonment was appropriate, noting defendant was extended-term eligible. Defense counsel argued a sentence of 24 months' conditional discharge was appropriate. Defense counsel noted there was no evidence other vehicles were on the road at the time of the offense, so there was no basis for concluding defendant's actions endangered others. Counsel also noted defendant had not been convicted of any criminal offenses during the period between 2004 and 2016, had a history of steady employment, provided assistance to Miles and her husband, and had complied with some of the terms of his sentence of probation for his prior conviction of resisting a peace officer.

¶ 11 Defendant made a statement in allocution, stating, "I just throw myself at the mercy of you, Your Honor, and plead with you to give me the appropriate sentence that's necessary."

¶ 12 In pronouncing its sentence, the trial court began by stating: "There are a number of factors and other matters that the statute directs the Court to consider. I have considered those matters in the context of the [PSI]." The court noted several specific factors it believed "[stood] out." In aggravation, the court found the offense to be "a pretty serious matter," as fleeing from law enforcement creates "a potential risk for harm to others." The court noted that the legislature had categorized the offense as a Class 4 felony, which indicated it was "a serious matter." The court stated: "Also the fact that [defendant is] eligible for extended term indicates to the Court that the legislature deems this conduct to be very serious. I mean, the range is more than the standard range for this offense."

¶ 13 The trial court stated defendant's criminal history was a "very strong factor" in aggravation. The court noted defendant was on probation at the time of the present offense and found his previous attempt at probation showed he was "not really taking it that seriously." The court also found defendant was unlikely to successfully complete another term of probation. Finally, the court found deterrence was one of the strongest factors in aggravation.

¶ 14 Regarding mitigation, the court stated: "I appreciate the argument from [defense counsel]. He argues what he has in front of him. But none of those things that he argued are actual factors in mitigation. There are no *** mitigating factors in this case. There just aren't any." The court found a sentence of probation would deprecate the serious nature of the offense and sentenced defendant to three years' imprisonment.

¶ 15　　　　Defendant filed a motion to reconsider sentence, arguing his sentence was excessive and an abuse of discretion in light of the applicable mitigating factors. He alleged the following mitigating factors applied: (1) his conduct neither caused nor threatened serious physical harm to another; (2) he did not contemplate his criminal conduct would cause or threaten serious physical harm to another; (3) his conduct was the result of circumstances unlikely to recur; (4) his character and attitude indicated he was unlikely to commit another crime and was particularly likely to comply with the terms of probation; and (5) his imprisonment would entail excessive hardship to his family.

¶ 16　　　　Following a hearing, the trial court denied defendant's motion to reconsider sentence. The trial court stated:

> "Well, I have not heard anything new today. The arguments were presented and the information was available to the Court. I pointed out the relevant statutory factors that stood out in my mind, but I have considered all of the factors that I am required to consider.
>
> And based upon that, I believe that the aggravating factors do outweigh the mitigating factors. I believe the sentence is appropriate and well within the range as prescribed by statute so the motion to reconsider is denied."

This appeal followed.

¶ 17　　　　　　　　　　　　　　II. ANALYSIS

¶ 18　　　　On appeal, defendant argues (1) the trial court failed to consider relevant factors in mitigation, (2) the court relied on an incorrect sentencing range by considering defendant's extended-term eligibility, (3) the court erred in considering defendant's extended-term eligibility

as an aggravating factor, and (4) the cumulative effect of these errors resulted in an unfair sentencing hearing.

¶ 19                                        A. Mitigation

¶ 20        Defendant argues the trial court erred by failing to consider relevant factors in mitigation, including the statutory mitigating factors that (1) defendant did not cause or threaten serious harm and (2) defendant did not contemplate his conduct would cause or threaten serious harm. See 730 ILCS 5/5-5-3.1(a)(1), (2) (West 2018). Defendant also contends the court failed to consider other mitigating circumstances, including that he pled guilty, maintained employment while he was on probation, complied with some of the terms of his prior sentence of probation, and helped support Miles and her husband. Defendant contends the court's comment that "[t]here [were] no *** mitigating factors in this case" showed it failed to consider the foregoing mitigating factors.

¶ 21        A trial court has broad discretion in imposing a sentence. *People v. Patterson*, 217 Ill. 2d 407, 448 (2005). "The trial court must base its sentencing determination on the particular circumstances of each case, considering such factors as the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age." *People v. Fern*, 189 Ill. 2d 48, 53 (1999). "It is also required to consider statutory factors in mitigation and aggravation; however, 'the court need not recite and assign a value to each factor it has considered.' " *People v. Pina*, 2019 IL App (4th) 170614, ¶ 19 (quoting *People v. McGuire*, 2017 IL App (4th) 150695, ¶ 38). The sentencing court may not refuse to consider relevant evidence presented in mitigation, but it may determine the weight to give to such evidence. *People v. Markiewicz*, 246 Ill. App. 3d 31, 55 (1993). "[I]t is presumed that the trial court considered the evidence in mitigation absent any contrary indication in the record." *People v. Anderson*, 325 Ill. App. 3d 624, 637 (2001).

¶ 22        "On review, the sentence imposed by the trial court will not be reversed absent an

abuse of discretion." *Pina*, 2019 IL App (4th) 170614, ¶ 20. "A sentence within statutory limits

will not be deemed excessive and an abuse of the court's discretion unless it is 'greatly at

variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the

offense.' " *Id.* (quoting *Fern*, 189 Ill. 2d at 54; *People v. Alexander*, 239 Ill. 2d 205, 212 (2010)).

¶ 23        We find the record does not show the trial court failed to consider relevant

mitigating evidence. We acknowledge the trial court stated at the sentencing hearing, "There are

no *** mitigating factors in this case. There just aren't any." However, when viewed in context

of all the court's comments at the sentencing hearing, it appears to us the court was specifically

considering whether any of the *statutory* factors in mitigation set forth in section 5-5-3.1(a) of

the Unified Code of Corrections (Code) (730 ILCS 5/5-5-3.1(a) (West 2018)) applied. The court

had previously stated that there were "a number of factors and other matters that the *statute*

direct[ed] the court to consider" (emphasis added) and that it was going to discuss some of the

factors that "[stood] out." The court proceeded to note the seriousness of the offense and three

statutory factors in aggravation, including defendant's prior criminal record, the fact that

defendant was on probation at the time of the instant offense, and the need for deterrence. See *id.*

§ 5-5-3.2(a)(3), (7), (12). The court then stated it found there were no mitigating factors in the

case. At the hearing on the motion to reconsider, the trial court again stated that it had previously

discussed the statutory factors that "stood out," but that it had considered all the factors it was

required to consider. Based on the totality of the court's comments, we conclude the court was

specifically referring to statutory mitigating factors when it stated there were no mitigating

factors in the case.

¶ 24         The trial court's finding that no statutory factors in mitigation applied was not an abuse of discretion. Defendant contends that two statutory mitigating factors applied—namely, that (1) his conduct neither caused nor threatened serious physical harm to another (*id.* § 5-5-3.1(a)(1)) and (2) he did not contemplate his conduct would cause or threaten serious physical harm to another (*id.* § 5-5-3.1(a)(2)). However, the factual basis for the plea indicated defendant fled from a police officer in a vehicle at a speed exceeding 100 miles per hour. The trial court could have reasonably found this conduct threatened serious physical harm to the officer pursuing defendant and that defendant understood the threat his actions posed. Accordingly, the court did not abuse its discretion in failing to find these mitigating factors applied.

¶ 25         We also find the record does not support defendant's argument that the court erred in failing to consider non-statutory mitigating circumstances. The court stated it "appreciate[d]" defense counsel's argument concerning the mitigating circumstances present in this case. This indicated the court had considered counsel's mitigation argument concerning defendant's assistance to Miles and her husband, his employment history, and his partial compliance with the terms of his prior sentence of probation. The court concluded the matters argued by defense counsel were not "actual factors in mitigation," which, as we previously discussed, appears to be a specific reference to *statutory* factors in mitigation. The court clarified at the hearing on the motion to reconsider sentence that it had considered all the factors it was required to consider, and it found the aggravating factors outweighed the mitigating factors. While it would have eliminated any confusion had the court specifically stated it was referring to the absence of statutory factors in mitigation, as opposed to non-statutory mitigation evidence, we think our interpretation of its comments is reasonable. Considering the entirety of the court's

sentencing comments, it appears the court considered the mitigating circumstances asserted by the defendant but afforded them little or no weight.

¶ 26 We find no affirmative showing the trial court failed to adequately consider the mitigating circumstances. Therefore, defendant has not overcome the presumption the court considered all mitigation evidence present in the record. See *People v. Flores*, 404 Ill. App. 3d 155, 158 (2010). We conclude the court did not abuse its discretion in its assessment of the factors in mitigation and aggravation in this case. See *Pina*, 2019 IL App (4th) 170614, ¶ 20.

¶ 27 B. Extended-Term Sentencing—Incorrect Range

¶ 28 Defendant next argues the trial court erred by relying on an incorrect sentencing range when it stated defendant was eligible for extended-term sentencing. Defendant contends the court lacked authority to impose an extended-term sentence because, at the time of his guilty plea, the court advised him he would be subject to a sentencing range of one to three years' imprisonment and did not advise him that he could receive an extended-term sentence.

¶ 29 Defendant acknowledges he has forfeited this argument by failing to raise it in the trial court but argues we should consider his claim under the second prong of the plain-error doctrine. " '[S]entencing errors raised for the first time on appeal are reviewable as plain error if (1) the evidence was closely balanced or (2) the error was sufficiently grave that is deprived the defendant of a fair sentencing hearing.' " *People v. Williams*, 2018 IL App (4th) 150759, ¶ 16 (quoting *People v. Ahlers*, 402 Ill. App. 3d 726, 734 (2010)). In addressing a claim of plain error, we first determine whether error occurred at all. *People v. Hood*, 2016 IL 118581, ¶ 18.

¶ 30 Section 5-8-2(a) of the Code (730 ILCS 5/5-8-2(a) (West 2018)) provides that the trial court may not impose an extended-term sentence unless one of the factors set forth in section 5-5-3.2 of the Code (*id.* § 5-5-3.2) is found to be present. Defendant does not dispute the

aggravating factor described in section 5-5-3.2(b)(1)—being convicted of the same or greater class of felony within 10 years of the instant conviction—was present. See *id.* § 5-5-3.2(b)(1). Instead, defendant focuses on section 5-8-2(b), which states:

> "(b) It the conviction was by plea, it shall appear on the record that the plea was entered with the defendant's knowledge that a sentence under this Section was a possibility. If it does not so appear on the record, the defendant shall not be subject to such a sentence unless he is first given an opportunity to withdraw his plea without prejudice." *id.* § 5-8-2(b).

¶ 31     We find no error occurred in this case when the trial court considered the fact that defendant was eligible for an extended-term sentence at the sentencing hearing before imposing a three-year sentence. The court did not consider an incorrect sentencing range, as defendant claims, because defendant was, in fact, eligible for an extended-term sentence. The PSI shows he was convicted of resisting a peace officer, a Class 4 felony, less than 10 years prior to his commission of the Class 4 felony of aggravated fleeing or attempting to elude a peace officer in the instant case. See *id.* § 5-5-3.2(b)(1). The fact that defendant was not admonished of his eligibility for an extended-term sentence at the time of his guilty plea did not remove the trial court's authority to impose an extended-term sentence. Rather, pursuant to section 5-8-2(b) of the Code (*id.* § 5-8-2(b)), the trial court had the authority to impose an extended-term sentence if it first gave defendant the opportunity to withdraw his guilty plea without prejudice. Nothing in section 5-8-2(b) prohibited the court from considering the fact that defendant was eligible for an extended-term sentence in reaching its sentencing determination.

¶ 32     We reject defendant's reliance on *People v. Johns*, 229 Ill. App. 3d 740, 743 (1992), for the proposition that "the trial court is limited in sentencing by the maximum penalty

upon which the defendant had originally been admonished." The court in *Johns*, following the revocation of the defendant's prior sentence of probation for the same offense, imposed a six-year prison sentence when it had originally advised the defendant he faced a maximum of only five years. *Id.* at 741-42. The appellate court held it was error for the trial court to resentence the defendant to a greater term of imprisonment than what it had previously admonished was the maximum. *Id.* at 743-44. Here, the court sentenced defendant to a non-extended three-year prison term, which was *not* greater than what he had been admonished was the maximum. It does not matter that the court mentioned defendant *could* have faced an extended-term prison sentence—a sentence defendant was eligible to receive—before ultimately sentencing him to a non-extended term.

¶ 33        We also reject defendant's reliance on *People v. Hurley*, 277 Ill. App. 3d 684 (1996). In *Hurley*, the trial court mistakenly believed the defendant was eligible for an extended-term prison sentence and ultimately imposed a non-extended-term sentence. *Id.* at 686-87. The *Hurley* court found the trial court's mistaken belief arguably influenced the sentence because the court's comments showed it considered defendant's eligibility for an extended-term sentence as a reference point in determining what sentence to impose. *Id.* at 687. The court remanded the matter for a new sentencing hearing "[b]ecause the trial court utilized an erroneous view of the permissible sentencing range." *Id.* at 687-88.

¶ 34        Here, unlike in *Hurley*, the trial court did not "utilize[ ] an erroneous view of the permissible sentencing range" *Id.* In the instant case, defendant *was* eligible for extended-term sentencing and the court's consideration of his extended-term eligibility was not tantamount to a misunderstanding of the permissible sentencing range.

¶ 35    We conclude that the court did not err by considering defendant's extended-term eligibility at the sentencing hearing and, accordingly, no plain error occurred. See *Hood*, 2016 IL 118581, ¶ 18 (quoting *People v. Smith*, 372 Ill. App. 3d 179, 181 (2007)) (" '[W]ithout error, there can be no plain error.' ").

¶ 36                    C. Extended-Term Sentencing—Aggravation

¶ 37    Defendant also argues the trial court erred in considering his extended-term eligibility in aggravation as indicative of the serious nature of the offense. Defendant argues his extended-term eligibility was not itself an aggravating factor and was irrelevant to the seriousness of the instant offense, as his eligibility for an extended-term sentence could only have been based on his prior criminal history. Our review of the record indicates the court did not find defendant's eligibility for an extended-term sentence itself to be an aggravating factor, but the court did factor it into its consideration of the seriousness of the offense in aggravation.

¶ 38    Even if we were to accept defendant's argument that the trial court erred in finding that his extended-term eligibility bore on the seriousness of the instant offense because it was related to his criminal history rather than the nature of the offense, such error would not rise to the level of second-prong plain error. It was proper for the court to consider the serious nature of the offense in sentencing defendant (see *People v. Weatherspoon*, 394 Ill. App. 3d 839, 862 (2009)), and the court's analysis of the seriousness of the offense was based on more than defendant's extended-term eligibility. Also, as we have discussed, it was not improper for the court to generally consider that defendant was eligible for an extended-term sentence during the sentencing hearing. While the trial court was arguably mistaken in finding that defendant's eligibility for an extended-term sentence was relevant to the seriousness of the present offense,

this was not an error " 'sufficiently grave that it deprived the defendant of a fair sentencing hearing.' " *Williams*, 2018 IL App (4th) 150759, ¶ 16 (quoting *Ahlers*, 402 Ill. App. 3d at 734).

¶ 39                                   D. Cumulative Error

¶ 40          Defendant finally argues the cumulative effect of the trial court's errors deprived him of a fair sentencing hearing. While errors individually may not necessitate a reversal, such errors considered together may have the cumulative effect of denying a defendant a fair trial or sentencing hearing. See *People v. Emerson*, 189 Ill. 2d 436, 513-14 (2000) (considering a cumulative-effect argument as to alleged errors at a capital-sentence hearing); *People v. Speight*, 153 Ill. 2d 365, 376 (1992) (considering a cumulative-effect argument as to alleged trial errors). Here, however, we have found that only one of defendant's claims of error arguably amounted to error. As we have not found that multiple errors occurred, no cumulative error exists.

¶ 41                                   III. CONCLUSION

¶ 42          For the reasons stated, we affirm the trial court's judgment.

¶ 43          Affirmed.