NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 240669-U

NO. 4-24-0669

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 11, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Rock Island County |
| SHANDRICKA Q. CHILDRESS, | ) | No. 21CF820 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Peter W. Church, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE CAVANAGH delivered the judgment of the court.
Justices Harris and Zenoff concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The mistaken belief of the circuit court that defendant was eligible for an extended-term sentence was a plain error that made the resentencing hearing unfair.

¶ 2    After defendant, Shandricka Q. Childress, admitted violating her probation, the circuit court of Rock Island County revoked her probation and resentenced her to five years' imprisonment. She appeals because, in determining this new sentence, the court erroneously assumed she was eligible for an extended prison term.

¶ 3    Arguably, when deciding on the new sentence of five year's imprisonment, the circuit court relied on its erroneous assumption that defendant was eligible for an extended term. Therefore, we vacate the sentence of five years' imprisonment that the court imposed at the resentencing hearing, and we remand this case for a new resentencing hearing.

¶ 4                                    I. BACKGROUND

¶ 5          On September 27, 2021, the State filed an information against defendant. The information was made up of a single count, which alleged that on September 4, 2021, defendant committed arson (720 ILCS 5/20-1(a)(1) (West 2020)). The information designated this offense as "a Class 2 Felony." See *id.* § 20-1(c). (According to the information, though, the property that defendant set on fire was "a residence." Under section 20-1(c) of the Criminal Code of 2012, "[r]esidential arson," as distinct from simple "[a]rson," was "a Class 1 felony." *Id.* Nevertheless, the information explicitly designated the offense as a Class 2 felony, as if it were a simple arson. See *id.* Because defendant was notified that she was charged with a Class 2 felony, we will treat this offense—as the parties treat it—as a Class 2 felony.)

¶ 6          At a hearing on December 2, 2021, defense counsel informed the circuit court that the parties had negotiated a plea. Defendant would plead guilty to the charge of arson, and in return (it was proposed), she would receive 30 months of probation and 180 days in jail, but the jail term would be stayed. After defense counsel agreed with the court that defendant was not "extendable"—in other words, that she was not eligible for an extended-term sentence—the court admonished defendant that if she chose to go to trial and were found guilty, she would face a prison term of no less than three years and no more than seven years. When the admonishments were finished and the court was satisfied that the guilty plea was knowing and voluntary, the court accepted the guilty plea and imposed the agreed-upon sentence of probation and a stayed jail term.

¶ 7          Among the conditions in the probation order were that defendant (1) "report to and appear in person before an assigned Probation Officer of the court once a month[ ] or as further directed," (2) "keep[ ] the probation department updated with a current address of

residence," (3) "obtain [a] substance abuse *** evaluation within 60 days," and (4) "obtain a mental health assessment."

¶ 8	On April 1, 2022, the State filed a petition for the revocation of probation. According to the petition, defendant had violated the four conditions listed above. Specifically, the petition alleged as follows. On January 21, January 31, February 8, February 25, March 1, March 4, and March 22, 2022, defendant "failed to report as directed *** for *** scheduled appointment[s] with Rock Island County Court Services." Also, she had "failed to provide Rock Island County Court Services with a valid living address," and "[h]er whereabouts [were] unknown." Additionally, she had "failed to obtain a substance abuse evaluation as ordered by the Court." Finally, she had "failed to obtain a mental health evaluation as ordered by the Court."

¶ 9	On July 13, 2023, the circuit court held a hearing on the petition for the revocation of probation. At the hearing, defendant admitted violating the conditions of her probation as the State alleged in its petition. This was an "open admission," an admission without any negotiated agreement on what the new sentence specifically would be. This time, when the court asked whether defendant was "extendable," the prosecutor answered, "She is." Defense counsel did not gainsay the prosecutor. Accordingly, the court admonished defendant that she could receive "[a]nywhere from 3 to 14 years in the Department of Corrections." After finding a factual basis (without any statement of a factual basis by the prosecutor), and after finding that the admission was knowingly and voluntarily made, the court scheduled a resentencing hearing.

¶ 10	On September 8, 2023, the circuit court held the resentencing hearing. The transcript of this hearing does not appear to contain any mention of extended-term eligibility. The prosecutor recommended five years' imprisonment. Defense counsel recommended 48

- 3 -

months of probation or, alternatively, the minimum sentence of imprisonment. For the underlying offense of arson, the court resentenced defendant to imprisonment for five years.

¶ 11 On September 13, 2023, defense counsel filed a motion for reconsideration of the sentence. The motion argued that, in resentencing defendant to five years' imprisonment, the circuit court failed to give enough consideration to (1) defendant's lack of a "substantial criminal history," (2) the well-being of defendant's children, and (3) "other" unspecified "applicable factors in mitigation." The motion contained no mention of defendant's noneligibility for extended-term sentencing.

¶ 12 On March 18, 2024, the circuit court held a hearing on the motion for reconsideration of the sentence. The transcript of this hearing does contain a discussion of extended-term eligibility. The court recounted that, "at the time of that admission, there was also a representation that [defendant] could be subject to an extended term because of her prior history": "[t]he possible sentencing range could have been 3 to 14 years." The court reasoned that five years' imprisonment was "within the normal range" instead of "within an extended range," for which (by the court's understanding) defendant was eligible. "So I could have sentenced her anywhere to 14 years," the court remarked. "I gave her 5 years out of a possible 14. I don't think that sentence was inappropriate. I think it's legally solid." Therefore, the court declined to reduce the five-year sentence of imprisonment.

¶ 13 On April 15, 2024, defendant filed her notice of appeal.

¶ 14 II. ANALYSIS

¶ 15 A. Defendant Was Not Eligible for an Extended Prison Term

¶ 16 The nonextended range of imprisonment for a Class 2 felony is not less than three years and not more than seven years. 730 ILCS 5/5-4.5-35(a) (West 2020). The extended prison

term is not less than 7 years and not more than 14 years. *Id.* Section 5-5-3.2(b)(1) of the Unified Code of Corrections provides as follows:

"(b) The following factors, related to all felonies, may be considered by the court as reasons to impose an extended term sentence under Section 5-8-2 [(*id.* § 5-8-2)] upon any offender:

(1) When a defendant is convicted of any felony, after having been previously convicted in Illinois or any other jurisdiction of the same or similar class felony or greater class felony, when such conviction has occurred within 10 years after the previous conviction, excluding time spent in custody, and such charges are separately brought and tried and arise out of different series of acts." *Id.* § 5-5-3.2(b)(1).

Under section 5-5-3.2(b)(1), then, an extended prison term might be imposed for defendant's conviction of arson if three conditions were fulfilled. First, defendant was previously convicted of the same class of felony (a Class 2 felony) or of a more serious felony (a Class 1 felony or a Class X felony). Second, the present conviction of arson occurred within 10 years after the previous conviction, excluding time that defendant was in custody. Third, the charge of arson was brought and tried separately from the charge for the previous felony, and the two felonies arose out of different series of acts.

¶ 17        When we examine defendant's prior record as set forth in the presentence investigation report, it does not appear that, during the 10 years before her current conviction date (December 2, 2021), she was convicted of a Class 2, Class 1, or Class X felony. It is true that, in Rock Island County case No. 03-CF-0437, she was convicted of the Class 2 felony of burglary. However, because she was sentenced in that case on June 28, 2004, the conviction fell

outside the 10-year window of December 2, 2011, to December 2, 2021. It is true that, during this 10-year period, defendant accumulated convictions in Tennessee, Mississippi, and Iowa. Even so, the presentence investigation report does not show that any of those out-of-state convictions were as serious as a Class 2, Class 1, or Class X felony in Illinois. The State concedes it was a "mistake[ ]" to believe that defendant was eligible for an extended prison term. We agree—it was a mistake.

¶ 18　　　　　　　B. Mere Silence, Although It Can Cause a Forfeiture,

Is Not an Invitation to Commit Error

¶ 19　　　　To preserve a claim of sentencing error for review, a defendant must make a contemporaneous objection to the error and subsequently reiterate the objection in a postsentencing motion. *People v. Hillier*, 237 Ill. 2d 539, 544 (2010). Leaving out only one of those preservative measures generally results in a finding that the defendant has procedurally forfeited the contention of error. See *People v. Harvey*, 2018 IL 122325, ¶ 15. The plain error doctrine, however, can avert a procedural forfeiture (*id.*)—but it cannot avert the estoppel that results from inviting an error (*People v. Sherrod*, 2024 IL App (1st) 220642-U, ¶ 46).

¶ 20　　　　Defendant acknowledges she did not object, at the admission hearing, when the circuit court and the prosecutor erroneously agreed she was eligible for an extended prison term. She further acknowledges that that this mistake by the court and the prosecutor was unmentioned in her postsentencing motion. Even so, she argues that incorrectly regarding her as "extendable" made her resentencing hearing unfair and that the doctrine of plain error, therefore, should avert a procedural forfeiture of this sentencing contention. See *People v. Crawford*, 2023 IL App (4th) 210503, ¶ 46.

¶ 21    The State argues that defendant invited the error and that, consequently, the plain error doctrine is inapplicable. See *People v. Harding*, 2012 IL App (2d) 101011, ¶ 17. To make that argument, the State exploits a term that the appellate court has used in its decisions regarding invited error: "acquiesced." The State quotes, for example, *People v. Hill*, 2023 IL App (5th) 220214-U, ¶ 20: "[D]efense counsel acquiesced to the tender to the trial court of the *** documents, thus inviting any error in its consideration." Likewise, the State notes, "Defense counsel did not respond nor did he object to the People's response that defendant was extended-term eligible." By the State's reasoning, "defense counsel's failure to respond to defendant's eligibility for extended term sentencing is 'acquiescence,' precluding plain error review."

¶ 22    To "acquiesce" means "to accept, comply, or submit *tacitly* or *passively*." (Emphases added.) Merriam-Webster's Collegiate Dictionary 11 (11th ed. 2020). Thus, acquiescing to a suggestion means accepting it without words of endorsement or any other positive assent. If acquiescence yielded invited error, then, effectively, there would be no such thing as the doctrine of plain error. The omission of a contemporaneous objection and the muteness of a postsentencing motion are mere passivity and, therefore, are nothing more than acquiescence in the error. The doctrine of plain error is specifically designed to avert (on certain conditions) the forfeiture that otherwise would have resulted from those forms of acquiescence. See *Hillier*, 237 Ill. 2d at 545.

¶ 23    "Acquiesce" is a misnomer in discussions of invited error. The inaptness of the term is evident when the appellate court speaks of "affirmative acquiescence." *People v. Bowens*, 407 Ill. App. 3d 1094, 1101 (2011) ("Plain-error analysis applies to cases involving procedural default [citation], not affirmative acquiescence."). That expression, "affirmative acquiescence," is a contradiction in terms. Acquiescence, by definition, is passive, not affirmative. An invitation

- 7 -

is affirmative. To invite an error, a party must ask the court to commit the error or at least explicitly agree to the commission of the error. See *People v. Rigg*, 2024 IL App (2d) 230136-U, ¶ 72. At the most, defendant acquiesced to the discussion between the circuit court and the prosecutor that she was eligible for an extended prison term—assuming that her silence should be interpreted as acquiescence. Her passivity would trigger the law of forfeiture (but for the plain error doctrine), not the law of invited error.

¶ 24 In either of two circumstances, the doctrine of plain error can avert the forfeiture of a clear or obvious error that was committed at a sentencing hearing: "(1) the evidence at the sentencing hearing was closely balanced, or (2) the error was so egregious as to deny the defendant a fair sentencing hearing." *Hillier*, 237 Ill. 2d at 545. A fair sentencing hearing requires that the sentencing judge know the minimum and maximum punishment for the offense. *Crawford*, 2023 IL App (4th) 210503, ¶ 46. Therefore, "[a] misunderstanding as alleged here— where the [circuit] court mistakenly determined extended-term sentencing applied—falls within the second prong of the plain error rule." (Internal quotation marks omitted) *Id.* Characterizing defendant as "extendable" was a clear or obvious error (see 730 ILCS 5/5-5-3.2(b)(1) (West 2020)), and the plain error doctrine averts the procedural forfeiture of this error (see *Crawford*, 2023 IL App (4th) 210503, ¶ 46).

¶ 25 C. The Remedy: A New Resentencing Hearing

¶ 26 The next question is what, if anything, should be done about this plain error. *Crawford* again provides guidance.

¶ 27 Under *Crawford*, if the circuit court mistakenly believes that the defendant is eligible for an extended prison term, "a new sentencing hearing is necessary only [if] it appears

that the mistaken belief *** *arguably* influenced the sentencing decision." (Emphasis in original and internal quotation marks omitted) *Id.* ¶ 51. The Fourth District reasoned:

> "When *** considering whether a mistaken belief arguably influenced the [circuit] court's sentencing decision, we pay particular attention to the [circuit] court's comments during the sentencing hearing. What the court said will likely indicate if it relied upon, or even used as a reference[] point, its mistaken belief that defendant was extended-term eligible." *Id.*

¶ 28　　　　The State argues that, at the resentencing hearing, the prosecutor never requested the imposition of an extended prison term and that when imposing the sentence, the circuit court never mentioned an extended term. Also, the States notes that the prison sentence the prosecutor recommended, and which the court imposed, "was exactly in the middle between the unextended minimum and maximum."

¶ 29　　　　Even so, defendant has a reasonable argument that the circuit court's belief in her eligibility for an extended prison term influenced the court's decision to impose a sentence of five years' imprisonment. After all, at the hearing on defendant's motion for reconsideration of the sentence, the court explicitly "used" defendant's extended-term eligibility "as a reference[] point." *Id.* The court reasoned that because it "could have sentenced [defendant] anywhere to 14 years," 5 years' imprisonment was "appropriate" and "legally solid." A fair inference could be drawn that the same reasoning implicitly underlay the court's determination of the sentence at the resentencing hearing. This inference draws strength from the court's inquiry, at the admission hearing, of whether defendant was "extendable." The standard here is capability of being reasonably argued, not indisputability. See *People v. Hurley*, 277 Ill. App. 3d 684, 687 (1996). Even though the sentence was in the middle of the nonextended range, we are unconvinced that

- 9 -

defendant makes a fanciful or baseless argument when she maintains that, in deciding on five years' imprisonment, the court considered her supposed eligibility for an extended prison term.

¶ 30                    D. Alternative Arguments, Which We Need Not Address

¶ 31          Defendant argues, "[i]n the alternative," that the circuit court violated Illinois supreme court rules by failing to (1) "provide [her] with the admonishments required by [Illinois Supreme Court] Rule 402(d) [(eff. July 1, 2012)]," (2) "elicit a factual basis from the State as required by [Illinois Supreme Court] Rule 402A(c) [(eff. Nov. 1, 2003)]," and (3) "make a sufficient record of the proceedings as required by Rule 402(e) [(Ill. S. Ct. R. 402(e) (eff. July 1, 2012))]." It appears that defendant wants us to address those arguments only "if this Court declines to remand her case directly for a resentencing hearing." Because we remand this case for that purpose, we do not reach those alternative arguments.

¶ 32                              III. CONCLUSION

¶ 33          For the foregoing reasons, we vacate the sentence the circuit court imposed at the resentencing hearing, and we remand this case for a new resentencing hearing.

¶ 34          Vacated and remanded.